[Civ. No. 15539. First Dist., Div. Two. Oct. 19, 1953.]

ROBERT ARCHIBALD, Respondent, v. ANTHONY B. IACOPI et al., Defendants; WALTER DANIEL et al., Appellants.

Alan A. Dougherty for Appellants.

Aaronson & Cohn for Respondent.

NOURSE, P. J.—Plaintiff sued to recover the unpaid balance on a written contract, supplemented by several oral agreements, to furnish rock, oil, screening and labor necessary for the surfacing of the leasehold of defendants Daniel, husband and wife, in real property to be used for an auto court. He also sought a foreclosure of a mechanic's lien. In

a trial to the court plaintiff had judgment for the balance found due, and also had a foreclosure of the lien on the leasehold interest. The action was dismissed as to the defendants Iacopi, the owners of the fee. They are not parties to the appeal.

The appellant (we refer herein to the husband as appellant) urges three grounds for a reversal. (1) The insufficiency of the evidence to support the finding that the work was done in a satisfactory manner in accordance with the contract. (2) The alleged error in the allowance of interest. (3) The foreclosure of the lien on the leasehold.

On the question of the evidence of completion of the contract the usual discrepancies appear. For the respondent testimony was offered tending to show that the work was performed according to the specifications, but that, immediately following completion, a heavy rain fell and on the following day several low spots and puddles were seen on the pavement ranging from a quarter of an inch to two inches in depth. Respondent's evidence was that in this type of construction covering a large area (35,000 square feet) a reasonable tolerance for such ''dents'' was plus or minus one-half inch. It was also shown that the soil of the area was adobe which was a particularly hazardous type of soil to build on.

On the part of the appellant, evidence was given emphasizing these depressions in the surface of the pavement particularly following a heavy rain. A witness from the county engineer's office expressed the opinion that the surfacing had not been done properly or that improper material had been used. He conceded, however, that he knew nothing about the plans and specifications of the contract and could not say whether they had been complied with. Appellant, however, testified that such plans and specifications as had been agreed upon were followed in the construction. The contention is that the work was improperly done. He conceded, however, that he was on the job daily and frequently instructed respondent's employees as to how they should do the work. It is also significant that at the time of the trial appellant had been operating the auto court on the premises and no evidence was given of loss of trade or of income because of defects complained of.

On this conflicting evidence it was clearly a question for the trial court to determine whether respondent had performed the services in accordance with the written and oral

contract. The findings favorable to respondent are controlling.

(2) The question of interest. The plaintiff sued on a written contract for $6,994.63. The trial court found in accordance with the facts that the contract called for payment of $5,500. Extras in work and materials were found to be of the value of $673.03. The contract called for a payment of one-third when red rock was slurried, one-third on completion of the contract, and one-third by a promissory note payable in 12 months at 5 per cent interest. Defendant paid $2,650, leaving a balance of $2,850. One-third of the contract price was $1,833.33. ■ Since plaintiff agreed to forego payment of that sum at interest of 5 per cent the allowance of 7 per cent interest on that sum was error. ■ The extras were not covered by contract. Their value was not fixed until the date of the judgment. Interest thereon should run from that date. (*Hansen* v. *Covell*, 218 Cal. 622, 631, 632 [24 P.2d 772, 89 A.L.R. 670].) The work was completed on December 2, 1949. The judgment should therefore have provided for interest from that date on $1,833.33 at the rate of 5 per cent and on $1,016.67 ($2,850 minus $1,833.33) at the rate of 7 per cent, and moreover for interest on $673.03 at the rate of 7 per cent from December 13, 1951, the date of the judgment.

Appellant's contention that with respect to the one-third payable by a promissory note 12 months after completion of the work the action was prematurely instituted on March 17, 1950, cannot be sustained. The record does not show the date on which the original complaint was filed. ■ The defense that an action is premature is a dilatory plea not favored in law, and it is considered waived if, as is the case here, it is not specially pleaded and urged in the trial court. (*Kelley* v. *Upshaw*, 39 Cal.2d 179 [246 P.2d 23].) ■ Moreover at the time of the trial (November, 1951) the stated ground of abatement did not exist any more and then it may be disregarded. (1 Cal.Jur.2d 32.)

■ (3) The foreclosure of the lien on the leasehold. Appellant's contention that no such lien attached or could be foreclosed is without merit.

On December 20, 1949, when the claim of lien in this matter was filed section 1185 of the Code of Civil Procedure contained the provision that if the person who caused the improvement to be constructed owned less than a fee simple estate in the lease on which the construction took place, "then only his interest therein is subject to such lien, except as pro-

vided in section 1192 of this code.'' (A similar provision is now contained in section 1183.1 of said code.)

Said provision was applied to a leasehold interest in *Peterson* v. *Freiermuth*, 17 Cal.App. 609, where it is said at page 620 [121 P. 299]: ''Under the provisions of section 1185 of the code, where the lessor of property, upon which the lessee has constructed improvements, has given the notice required by section 1192 of said code, the leasehold interest of the lessee is subject to the lien for the value of the labor and materials, provided, of course, that the contract for the construction of the building has been reduced to writing and recorded as required. . . .'' In *West Coast Lbr. Co.* v. *Newkirk*, 80 Cal. 275, 279 [22 P. 231], it was held that when the lessor has not given said notice both the estate of the owner of the fee and the estate of the owner of the leasehold interest are subject to the lien. That a mechanic's lien may attach to, and be enforced against, a leasehold interest for labor and materials furnished under a contract with the lessee is generally accepted also in other jurisdictions (57 C.J.S. 512, 558.) In this state a leasehold interest is subject to levy and sale (15 Cal.Jur. 1017, § 26). *English* v. *Olympic Auditorium, Inc.*, 217 Cal. 631 [20 P.2d 946, 87 A.L.R. 1218], on which appellant relies, is not in point because it relates to the extent of the mechanic's lien on the interest in fee for construction made under contract with a lessee, where after the construction the lease had been forfeited and the construction had become the property of the owner in fee; it does not contain anything which restricts the possibility of a mechanic's lien on the leasehold interest. The foreclosure in this case is correctly limited to the leasehold interest.

There may be some doubt whether the surfacing here contracted for should be considered the construction of an improvement on the land for which a lien is provided in section 1183 old (1181 new) or an improvement of the lot itself for which the lien is provided in section 1191 old (1184.1 new). Under either provision the lien will attach to the whole leasehold interest in the lot. As to the improvement of the lot itself the sections cited expressly subject the lot or tract to the lien; as to an improvement constructed on the land, section 1185 old (section 1183.1 new) subjects the land upon which the improvement is constructed, together with a convenient space about the same, or so much as may be required for the convenient use and occupation thereof to the

lien. Evidently in the case of a surfaced auto court the whole lot comes under that provision.

The decision as to the foreclosure must be upheld.

The portion of the judgment awarding plaintiff interest is reversed with directions to the trial court to change this portion in accordance with the views herein expressed. In all other respects the judgment is affirmed.

Goodell, J., concurred.

A petition for a rehearing was denied November 18, 1953.