[Civ. No. 22291. Second Dist., Div. Two. July 2, 1958.]

HAL EDWARDS, Respondent, v. CONTAINER KRAFT CARTON AND PAPER SUPPLY COMPANY (a Corporation) et al., Appellants.

*Assigned by Chairman of Judicial Council.

Charles Murstein and F. Rodman Woelfle for Appellants.

Simon Taub and Erich Auerbach for Respondent.

ASHBURN, J.—Appeal from judgment for damages for malicious prosecution of an injunction action.

Appellants challenge the sufficiency of the evidence to support the findings of want of probable cause and malice; also argue that this action was prematurely brought and that the award of damages is not supported by proof of certainty of loss to plaintiff.

Plaintiff Edwards was employed as salesman for defendant Container Kraft Carton and Paper Supply Company (hereinafter designated as Container) for about five years before he opened his own competitive business. Container is a jobber engaged in selling corrugated containers and paper supplies to the general trade. Edwards had been bringing in about $30,000 per month in business; dissatisfied about his earnings and failure of Mr. Garson, who controlled Container, to perform a promise to give him certain stock in the company, Edwards quit on June 3, 1955 and opened his own business. Garson had threatened to kill him if he did so and had made other threats.

On June 8th Container filed an injunction action against Edwards. A restraining order was sought upon the original complaint but was refused, whereupon an amended complaint

and supporting affidavit (both signed by Garson) were filed on June 14th, and a temporary restraining order obtained on the 15th. Among other things it enjoined Edwards "from soliciting the customers of plaintiff who were such prior to June 3, 1955." On July 1, 1955, a preliminary injunction to the same effect was obtained by Container. It was dissolved by minute order of September 30, 1955, which also directed judgment for defendant Edwards; said judgment was entered on October 26, 1955. That action was filed and prosecuted upon the theory that Edwards was a director of Container and was violating a fiduciary obligation in establishing and conducting a competing business. The trial court therein found: "That it is not true that the defendant was ever a director of the plaintiff corporation." Also: "That the plaintiff is engaged in the business of jobbing paper boxes and paper supplies and that the defendant, since June 3, 1955, has engaged in a similar business. The customers sold by both the plaintiff and defendant are not of a confidential list and are commonly known to the trade and are called upon by salesmen for various companies and are readily available to anyone. That the plaintiff is in open competition with other jobbers engaged in a similar business; that it is true that in the paper jobbing business there is no assurance of an order unless the salesman can satisfy the customer that his product is cheaper, better or more saleable than that of his competitor." This brings the case within the doctrine of *Continental Car-Na-Var Corp.* v. *Moseley*, 24 Cal.2d 104 [148 P.2d 9].

In the case now on appeal the trial judge found with respect to the injunction action that the complaint therein alleged that Edwards had been a director of Container, had submitted false and fraudulent purchase orders to it for the purchase of merchandise for certain of its customers, had assigned Container accounts receivable for factoring and had received moneys for said assignment and converted same to his own use, had ordered on behalf of Container certain merchandise and then taken personal possession of same and appropriated it to his own use, and also appropriated money and property belonging to Container to his own use and benefit. Also: "That it is true that the defendant knew that the allegations in the Complaint filed in said action . . . were and are false and untrue and were made with the intent to injure Hal Edwards, plaintiff herein, and were made maliciously and without probable cause; that defendant Container Kraft Carton and Paper Supply Company maliciously and without

probable cause wrongfully caused said action to be filed and maintained against Hal Edwards; and that defendant, Container Kraft Carton and Paper Supply Company wrongfully, maliciously and without probable cause caused an injunction to be issued therein restraining plaintiff, Hal Edwards, from soliciting any customers who were customers of Container Kraft Carton and Paper Supply Company prior to June 3, 1955, and from hypothecating or disposing of assets belonging to Container Kraft Carton and Paper Supply Company.''

An examination of the testimony and other evidence in the instant case discloses that these findings have the support of persuasive evidence. We recognize no obligation to set it forth herein, for an appellate court is not charged with the duty of reviewing the evidence in an effort to convince appellant of its sufficiency or to otherwise demonstrate the fact. (See *Sonkin* v. *Hershon*, 130 Cal.App.2d 491, 492 [279 P.2d 156]; *Clewett* v. *Clewett*, 136 Cal.App.2d 913, 915 [289 P.2d 512].)

The claim of prematurity of this action for malicious prosecution possesses more of substance. The complaint was filed before the time to appeal from the judgment in the injunction action had expired. But that judgment had become final before the trial of the instant action. California is now definitely committed to the doctrine that prematurity of action is merely ground for abatement and if the ground has ceased to exist before time of trial it cannot then or thereafter prevail. This is the result of *Radar* v. *Rogers*, 49 Cal.2d 243 [317 P.2d 17]. That case involved a contention that an action against an administratrix was premature because it was filed before presentation of plaintiff's claim to the said personal representative. At page 250 the court said: ''The defense that suit was commenced before the presentation and rejection of claim 'is simply matter of abatement—a defense which is not favored, and must be made by plea, and in proper time, or it is waived.' [Citations.] Here there is no occasion to consider whether the unfavored defense was waived, for it had ceased to exist at the time defendant sought to raise it. 'A consequence of the disfavor with which such pleas are viewed is that matter in abatement must exist at the time of filing of the pleading urging it' (1 Cal.Jur.2d 29-30, § 3) and if the stated ground does not exist at the time of trial it may be disregarded. (*Archibald* v. *Iacopi* (1953), 120 Cal.App. 2d 666, 669 [5] [262 P.2d 40].)'' Though not mentioned in the opinion, the case of *Kelley* v. *Upshaw*, 39 Cal.2d 179,

186-187 [246 P.2d 23], upon which appellants rely, is necessarily modified pro tanto by the Radar opinion.

In *Archibald* v. *Iacopi*, 120 Cal.App.2d 666, 669 [262 P.2d 40], the court said: "Appellant's contention that with respect to the one-third payable by a promissory note 12 months after completion of the work the action was prematurely instituted on March 17, 1950, cannot be sustained. The record does not show the date on which the original complaint was filed. The defense that an action is premature is a dilatory plea not favored in law, and it is considered waived if, as is the case here, it is not specially pleaded and urged in the trial court. (*Kelley* v. *Upshaw*, 39 Cal.2d 179 [246 P.2d 23].) Moreover at the time of the trial (November, 1951) the stated ground of abatement did not exist any more and then it may be disregarded. (1 Cal.Jur.2d 32.)" See also *Rudneck* v. *Southern Calif. Metal & Rubber Co.*, 184 Cal. 274, 282 [193 P. 775]; *Watkins* v. *McCartney*, 70 Cal.App. 137, 140 [232 P. 982]; *Moore* v. *Fellner*, 50 Cal.2d 330, 342-343 [325 P.2d 857]; 1 C.J.S. § 71b, p. 111; § 85, p. 126.

The facts before us argue strongly for the application of the *Radar* v. *Rogers* rule. This action for malicious prosecution was filed on November 15, 1955, 20 days after entry of judgment in the injunction action. Thereupon an appeal was taken from that judgment on November 21, 1955. Request for clerk's and reporter's transcripts was filed on the same day. Defendants' answer herein was their first appearance and was filed on December 12, 1955. It alleged by way of separate defense the taking and pendency of said appeal and prayed for dismissal of the action. It did not sound in abatement and no motion to that end was made. Nor was any request made pursuant to section 597, Code of Civil Procedure, for trial of that issue in advance of the merits. No motion for new trial was made and nothing further was done toward prosecution of the appeal though notice of estimated cost of each transcript was given; no payment and no arrangement for payment for either transcript was made. Upon motion of respondent the appeal was dismissed by this court on March 27, 1956, no opposing affidavit being filed, and no appearance made in opposition to the motion.

The trial of the instant action for malicious prosecution occurred on June 25 and 26, 1956, about three months after the former judgment had become final. At the opening of the hearing plaintiff offered in evidence the judgment roll in the former action; defendants' counsel requested that the entire

file go in; that was done and no objection to that evidence was made. The transcript shows no further mention of the plea of prematurity of action and defendants' counsel twice stated in objecting to certain evidence that "that other case is res judicata." Defendants also pursued successfully a counterclaim against Edwards. These facts would support a finding of a waiver of the plea of prematurity (*Seches* v. *Bard,* 215 Cal. 79, 81 [8 P.2d 835]; *Bank of America* v. *Button,* 23 Cal. App.2d 651, 653 [74 P.2d 81]).

Appellants have had a full trial upon the merits in the present action, the findings and judgment are abundantly supported by the evidence, and it seems clear beyond peradventure that the appeal from the judgment in the injunction case was conceived and used merely as a device to defeat upon a highly technical ground the collection of a righteous judgment. In our opinion *Radar* v. *Rogers, supra,* commands that the prematurity argument shall not now prevail and we so hold.

It is urged that plaintiff Edwards was in business only a few days before he was enjoined—June 3 to June 15—and that the new venture rule applies to the subject of damages, establishing that the fact of damage is too uncertain to sustain any award. The court found that plaintiff Edwards was damaged in the sum of $6,500 by the malicious prosecution of the injunction case; that is a compensatory award, no exemplary damage being allowed. The $6,500 includes an attorney fee of $2,500 for defense of the action and the reasonableness of that amount is not questioned.

While it is true that Edwards was in business on his own account only 12 days before he was enjoined, it also appears that he continued during the injunction period to solicit and serve customers who had not been with Container and after the injunction was dissolved he successfully resumed and carried on his business until his place burned down at the end of April, 1956. When employed by Container Edwards' position was unique. He built his own clientele and brought into the company gross business of $30,000 a month. The court found, "that Hal Edwards had solicited his own customers during that five-year period and had established his own business clientele. That the gross volume of business accounted for by Hal Edwards while employed with Container Kraft Carton and Paper Supply Company was approximately $30,000.00 per month, of which the net profit was between ten (10%) per cent and twelve (12%) per cent."

During the time Edwards was restrained, his business based upon new customers yielded no net profit, but after the injunction was lifted and he was free to solicit the old customers his gross business, according to his testimony, was as follows: October, $23,002.11; November, $27,359.66; December, $16,-947.11; January, $16,984.23; February, $15,270.05; March, $15,598.58; April, $18,623.48. The gross markup was 28 per cent, the same figure Container had used, and the net profit on the business was 11 per cent. The court found that Edwards lost profits of $1,666.66 in each of the months of July, August and September. A brief computation shows the soundness of this conclusion. The court accepted the sum of $20,000 a month as the amount of business done by plaintiff after the injunction was dissolved and "maintained at that level for each month thereafter." This was doubtless based upon a statement given by Edwards to Dun and Bradstreet on February 2, 1956, to the effect that his business grossed $20,000 a month. A profit of 11 per cent on that amount would be $2,200 a month. The figure of $1,666.66 which was used for computation of the damage award thus appears to be conservative. Unless the new venture rule precludes such an award it must be affirmed.

█ Appellants rely upon the rule stated in *Grupe* v. *Glick*, 26 Cal.2d 680, 692 [160 P.2d 832]: "On the other hand, where the operation of an unestablished business is prevented or interrupted, damages for prospective profits that might otherwise have been made from its operation are not recoverable for the reason that their occurrence is uncertain, contingent and speculative." But this rule is not an end in itself, merely an aid to determination of whether the fact of damage, as distinguished from the amount of damage, has been established with reasonable certainty. █ The court added in the Grupe opinion, *supra*, at page 693: "But although generally objectionable for the reason that their estimation is conjectural and speculative, anticipated profits dependent upon future events are allowed where their nature and occurrence can be shown by evidence of reasonable reliability. [Citations.] All of these cases recognize and apply the general principle that damages for the loss of prospective profits are recoverable where the evidence makes reasonably certain their occurrence and extent."

█ *Natural Soda Prod. Co.* v. *City of Los Angeles*, 23 Cal.2d 193, 199 [143 P.2d 12], dealt with damages growing out of defendants' wrongfully preventing the operation of

plaintiff's new plant. The court disposed of the contention that the proof was too uncertain to support an award of damages in the following language: ''The award of damages for loss of profits depends upon whether there is a satisfactory basis for estimating what the probable earnings would have been had there been no tort. If no such basis exists, as in cases where the establishment of a business is prevented, it may be necessary to deny such recovery. [Citations.] If, however, there has been operating experience sufficient to permit a reasonable estimate of probable income and expense, damages for loss of prospective profits are awarded. . . . In the present case plaintiff's probable gross receipts could be estimated from its sales in the preceding two years, in view of the evidence that prices were stable. Its unit costs could be estimated on the basis of detailed figures concerning actual expenses, such as labor, depreciation, insurance, taxes, and royalties for the limited operations carried on in 1938. Its plant capacity was conservatively estimated at 90 tons per day, since plaintiff's old plant, using the 'carbonating process' had a proved capacity of from 35 to 40 tons a day, and the capacity of the new 'Mono Process' plant had been increased from 50 to 100 tons a day. Awards of prospective profits have been sustained on the basis of much less satisfactory evidence. [Citations.] Since defendant made it impossible for plaintiff to realize any profits, it cannot complain if the probable profits are of necessity estimated.'' The ultimate test is whether there has been ''operating experience sufficient to permit a reasonable estimate of probable income and expense,'' as stated in Natural Soda, *supra*; or, as phrased in Grupe, *supra,* at page 693, ''anticipated profits dependent upon future events are allowed where their nature and occurrence can be shown by evidence of reasonable reliability.'' To the same effect, see, *Lambert* v. *Haskell,* 80 Cal. 611, 618 [22 P. 327]; *Landon* v. *Hill,* 136 Cal.App. 560, 567 [29 P.2d 281]; *McConnell* v. *Corona City Water Co.,* 149 Cal. 60, 65 [85 P. 929, 8 L.R.A.N.S. 1171].

 The proof of plaintiff's capacity to produce and hold business while working for Container for five years, coupled with his demonstration of ability to do so on his own account for seven months after he was relieved of restraint of a court order, furnish substantial basis at bar for a finding that it was reasonably probable that plaintiff would have made like profits during the said three-month injunction period. That proof leaves no substantial doubt of the fact of loss or of the

conservative nature of the court's measurement of same. There was no error in the award of damages.

The foregoing discussion proceeds as if this were solely an action for malicious prosecution, for that is the tenor of the briefs. In fact, the amended complaint is in two counts, the first of which runs against appellants Fidelity and Deposit Company of Maryland and Pacific Employers Insurance Company, as well as Container. It seeks recovery from Fidelity upon a $2,500 undertaking given by it upon issuance of the temporary restraining order in the former action, and against Pacific upon a $5,000 bond given upon the issuance of the preliminary injunction. The Fidelity bond "promises to the effect, that in case said restraining order shall issue, the said Plaintiff___ will pay to the said party restrained, such damages, not exceeding the sum of Twenty-Five Hundred and no/100 Dollars ($2,500.00), as such party may sustain by reason of the said restraining order, if the Court finally decides that the said Plaintiff___ was not entitled thereto." That of Pacific "undertakes in the sum of FIVE THOUSAND AND NO/100 ($5,000.00) Dollars, and promises to the effect, that in case said injunction shall issue, the said Plaintiff___ will pay to said party enjoined, such damages, not exceeding the sum of FIVE THOUSAND AND NO/100 ($5,000.00) Dollars, as such party may sustain by reason of the said injunction, if the said Superior Court finally decides that the said Plaintiff is not entitled thereto." The court found that plaintiff had been damaged to the extent of $500 by the issuance of the restraining order, and $3,500 by the preliminary injunction, and awarded judgments against the respective sureties for those amounts. After fixing plaintiff's total damage at $6,500, the court offset a municipal court judgment previously obtained by Container against Edwards in the sum of $2,592.04, plus $60.21 interest, thus reducing the total recovery to $3,847.75. The judgment provides that any sums received by plaintiff Edwards from either of the defendants Fidelity and Pacific shall operate pro tanto in satisfaction of the judgment against container in the sum of $3,847.75.

■ Malicious prosecution is not of the essence of recovery upon the injunction bonds. All that is necessary thereto is a final judgment dissolving the injunction plus proof of damage therefrom. The dissolution of the injunction fulfills the condition of the bond. (*Rice* v. *Cook,* 92 Cal. 144, 147 [28 P. 219]; *Asevado* v. *Orr,* 100 Cal. 293, 299 [34 P. 777]; 1 Witkin, California Procedure, p. 886, § 44.)

It thus appears that plaintiff is entitled to recovery against defendants Fidelity and Pacific independently of proof of malice and want of probable cause in commencing and prosecuting the injunction action.

Appellants' criticisms of the findings are found to be without merit. Other argument have been considered but require no specific discussion.

Judgment affirmed.

Fox, P. J., and Herndon, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 28, 1958.