[Civ. No. 23990.   Second Dist., Div. Two.   Apr. 27, 1960.]

JOHN A. DAVIS, Respondent, v. KATHRYN B. LUCAS, Individually and as Executrix, etc., Appellant.

Theodore E. Bowen for Appellant.

George E. Atkinson, Jr., for Respondent.

ASHBURN, J.—Respondent John A. Davis, the surviving husband of Gladys B. Davis, sued Kathryn B. Lucas, individually and as executrix of Mrs. Davis' will, for a judgment quieting in plaintiff title to certain real property which he alleged to be his separate estate. Judgment went in his favor and defendant appeals.

Appellant claims the property to have been community property in which she, as sole devisee of her mother's will, is entitled to a one-half interest. Her main contention is that the evidence is insufficient to sustain the court's finding that it was at all times plaintiff's separate property. Her counsel makes numerous separate claims, all of which converge upon this one central issue. They are reflected in reporter's transcripts comprising some 300 pages, and counsel for appellant devotes six pages of his opening brief to the discussion of the sufficiency of the evidence; most of that space is occupied by citations and quotations from cases announcing legal principles applicable to the facts as he asserts them to be. This method overlooks cardinal rules applicable to appellate review.

The appellate court starts with the presumption that the evidence sustains each finding of fact (*Gold* v. *Maxwell,* 176 Cal.App.2d 213, 217 [1 Cal.Rptr. 226]; *Cooper* v. *Cooper,* 168 Cal.App.2d 326, 331 [335 P.2d 983]), and the burden rests upon appellant "to demonstrate that there is no substantial evidence to support the challenged findings." (*Nichols* v. *Mitchell,* 32 Cal.2d 598, 600 [197 P.2d 550]; see also *New* v. *New,* 148 Cal.App.2d 372, 383 [306 P.2d 987]; *Cooper* v. *Cooper, supra,* at page 331, and *Gold* v. *Maxwell, supra,* at p. 233.) To this end appellant must set forth in his brief all material evidence upon the point, not merely his own proofs (*Kruckow* v. *Lesser,* 111 Cal.App.2d 198, 200 [244 P.2d 19]; *Gold* v. *Maxwell, supra,* at 233; *Cooper* v. *Cooper, supra,* at 331); if this is not done the point is deemed

waived (so held in the cases just cited). Counsel in this case has made no real effort to comply with the rule. ■ "[A] claim of insufficiency of the evidence to justify findings, consisting of mere assertion without a fair statement of the evidence, is entitled to no consideration, when it is apparent, as it is here, that a substantial amount of evidence was received on behalf of the respondents." (*Estate of Good*, 146 Cal.App. 2d 704, 706 [304 P.2d 190].) In the circumstances we are entitled to accept the statements of respondent's brief as to the evidence upon the subject. Respondent's counsel has assembled enough of the testimony in his brief to show at least a substantial conflict in the evidence. Our duty begins and ends with the determination of the existence of such a conflict. ■ "When a finding of fact is attacked on the ground that there is not any substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with the determination as to whether there is any substantial evidence contradicted or uncontradicted which will support the finding of fact." (*Primm* v. *Primm,* 46 Cal.2d 690, 693 [299 P.2d 231].) We do not make an independent search of the record to uncover error. Our duty with respect to this contention of appellant is now discharged.

■ Next appellant contends that the court erred in excluding certain joint income tax returns made by the Davis spouses for the years 1945 to 1953, inclusive, which show (according to defendant's offer of proof) that the net income or profit of Davis Sales Yard (the business conducted by plaintiff) "was carried as the joint income of the husband and wife." This was tendered in furtherance of the claim that the subject realty was treated by Mr. and Mrs. Davis as community property. In reliance upon *Webb* v. *Standard Oil Co.,* 49 Cal.2d 509 [319 P.2d 621], the court refused to order production of the returns and sustained an objection to an offer of proof of their contents. That case holds that sections 19282 and 19283, Revenue and Taxation Code,[1] forbid the requiring of disclosure of income tax returns because section 19283 confines court orders for production of returns

---

[1]Rev. & Tax. Code, § 19282: "Except as otherwise provided in this article, it is a misdemeanor for the Franchise Tax Board, any deputy, agent, clerk, or other officer or employee, to disclose in any manner information as to the amount of income or any particulars set forth or disclosed in any report or return required under this part."

Rev. & Tax. Code, § 19283: "Such information may be disclosed in accordance with proper judicial order in cases or actions instituted for the enforcement of this part or for the prosecution of violations of this part."

to "cases or actions instituted for the enforcement of this part or for the prosecution of violations of this part." At 513 it is said: "The purpose of the amended statutory provisions prohibiting disclosure is to facilitate tax enforcement by encouraging a taxpayer to make full and truthful declarations in his return, without fear that his statements will be revealed or used against him for other purposes. If the information can be secured by forcing the taxpayer to produce a copy of his return, the primary legislative purpose of the secrecy provisions will be defeated. The effect of the statutory prohibition is to render the returns privileged, and the privilege should not be nullified by permitting third parties to obtain the information by adopting the indirect procedure of demanding copies of the tax returns."

█ Appellant claims the Webb case does not apply because the returns were offered by the executrix of one of the parties who made them, not a stranger. But we need pursue this subject no further, for these returns, if received in evidence, would have operated only to create or emphasize a conflict in the proofs and, as we cannot resolve such conflicts, the error, if any, was not prejudicial in legal contemplation.

Finally, appellant attacks as outside the issues the court's finding to the effect that plaintiff's business and its proceeds were his separate property and that the spouses so agreed. Examination of the record discloses that this is a pertinent finding upon a subordinate issue raised by the evidence. █ "It is settled law in California that where an action is tried before the court without a jury, in the absence of a waiver, findings are required upon all material issues presented by the pleadings and the evidence." (*Severance* v. *Knight-Counihan Co.*, 29 Cal.2d 561, 576 [177 P.2d 4, 172 A.L.R. 1107].) Appellant's opening brief says: "A down payment on the property was made by Mrs. Davis. The proceeds of the business were used in paying off the balance." Respondent's brief: "She [appellant] was contending during the trial and still contends that the income from the Davis Sales Yard was community property and that such community property income was used to make payments in purchasing the real property which is the subject of this litigation. Had the trial court *not* made a finding on this issue, appellant would undoubtedly have argued that such failure to find constituted prejudicial error." █ Obviously it was material to the determination of whether the property was com-

munity for the court to find the status of the moneys that paid for it. The offer of the tax returns in evidence included the statement that they would show that "the net income or profit of the Davis Sales Yard was carried as the joint income of the husband and wife." The finding under discussion is clearly in the spirit of the amendment to section 632, Code of Civil Procedure, wherein the last Legislature inserted the following: "The statement of facts found shall fairly disclose the court's determination of all issues of fact in the case."

The judgment is affirmed.

Fox, P. J., and Richards, J. pro tem.,* concurred.

A petition for a rehearing was denied May 20, 1960.

*Assigned by Chairman of Judicial Council.