[Civ. No. 26269. Second Dist., Div. Two. Dec. 12, 1962.]

ROSALYN L. BINNING, Plaintiff and.Respondent, v. WILLIAM A. BINNING, Defendant and Appellant.

Barry Sullivan for Defendant and Appellant.

Russell W. Bledsoe for Plaintiff and Respondent.

ASHBURN, J.—Defendant husband appeals from an interlocutory judgment of divorce granted to the wife upon the

ground of extreme cruelty. Appellant's counsel raises four points, viz., (1) that the property settlement agreement was infected with fraud and undue influence and should have been disapproved by the court, (2) that the court erroneously added to the terms of the property agreement, (3) insufficiency of the evidence to sustain the finding of extreme cruelty on defendant's part and untruth of his charge that plaintiff had been guilty of adultery, and (4) error in refusing to grant to appellant the divorce upon his cross-complaint.

Points 1, 3 and 4, as presented in appellant's brief, are attacks upon adverse findings and seem to proceed upon an assumption that a court of review should follow counsel's lead in reweighing the evidence. The cardinal rules for presentation of such claims upon appeal have been ignored in this instance. *Rosenthal* v. *Rosenthal*, 197 Cal.App.2d 289, 294 [17 Cal.Rptr. 186] : "We reiterate certain principles that we stated in *Davis* v. *Lucas*, 180 Cal.App.2d 407, 409 [4 Cal.Rptr. 479] ; 'The appellate court starts with the presumption that the evidence sustains each finding of fact [citations], and the burden rests upon appellant "to demonstrate that there is no substantial evidence to support the challenged findings." [Citations.] To this end appellant must set forth in his brief all material evidence upon the point, not merely his own proofs [citations] ; if this is not done the point is deemed waived. . . . "[A] claim of insufficiency of the evidence to justify findings, consisting of mere assertion without a fair statement of the evidence, is entitled to no consideration, when it is apparent, as it is here, that a substantial amount of evidence was received on behalf of the respondents." [Citation.] In the circumstances we are entitled to accept the statements of respondent's brief as to the evidence upon the subject. . . . We do not make an independent search of the record to uncover error.' " *Overton* v. *Vita-Food Corp.*, 94 Cal. App.2d 367, 370 [210 P.2d 757] : "With rhythmic regularity it is necessary for us to say that where the findings are attacked for insufficiency of the evidence, our power begins and ends with a determination as to whether there is *any* substantial evidence to support them ; that we have no power to judge of the effect or value of the evidence, to weigh the evidence, to consider the credibility of the witnesses, or to resolve conflicts in the evidence or in the reasonable inferences that may be drawn therefrom. No one seems to listen."

The assertion of insufficiency of the evidence to support (1)

and (3) is not supported, and the claim of abuse of discretion in granting the divorce to plaintiff rather than defendant-cross-complainant is without any merit, for the evidence warrants no such conclusion.

Point (2) seems to be a contention that the court exceeded its jurisdiction in finding that ''[p]rior to August 14, 1960, defendant incurred an indebtedness in the sum of $5000.00 to Mary Jane Cunningham'' and ''[p]laintiff has not incurred any liability or obligations on which defendant is or may be liable.'' This particular indebtedness is not mentioned in the property settlement agreement, but that document does say in paragraphs 6 and 7: ''6. Husband hereby warrants to Wife that he has not incurred, and he hereby covenants that he will not incur, any liability or obligation on which she is, or may be liable (except as herein expressly set forth); and Husband hereby covenants and agrees that if any claim, action, or proceedings, shall hereafter be brought seeking to hold Wife liable on account of any debt, liability, act or omission of Husband, he will, at his sole expense, defend Wife against any such claim or demand (whether or not well founded) and that he will hold her free and harmless therefrom. 7. Wife hereby warrants to Husband that she has not incurred, and she hereby covenants that she will not incur, any liability or obligation on which Husband is, or may be liable (except as herein expressly set forth). . . .''

Plaintiff testified that when both parties were talking to Attorney Bledsoe about preparation of the agreement, ''Dr. William stated that he had borrowed $5,000 from his aunt, but that this was his responsibility, and that he had had all of the money and had spent all of it himself and that he would take care of it; and that the paper that he had—he and I had signed with his aunt—he would get back and take care of it, and that he would assume this responsibility with his aunt.'' Also: ''Q. Now, with reference to this paper signed by you and Dr. William, referring to the $5,000 claim of Mary Jane Cunningham, was anything done with that particular paper? A. Well, yes. You [Mr. Bledsoe] suggested that we get the paper from Mrs. Cunningham; that he get the paper from Mrs. Cunningham if she was willing to give it to him. And so on August 12, the night of his birthday, he came to my home and he had the paper with him, and he said, 'Here's the paper.' And it was folded in half, and it was a little piece of white paper, and he said, 'What do

you want to do with it?' And I said, 'Well, what do you want to do with it?' And he says, 'Well, Jenny'—that's Dr. William Binning's aunt—'says we can do with it as we like. She said we can tear it up if we wanted to,' and he handed it to me, and he said, 'Do you want to tear it up?' And I didn't touch it, and I said, 'No. If you want it torn up, you tear it up.' So he tore it up in front of me, and he told me that his aunt had given him this to do this with. He said again that it was his responsibility and that he would take care of it since he had spent it and had all of it.'' This evidence is adequate to sustain the challenged finding. The court made no order with respect to this obligation, probably because of the testimony above quoted to the effect that the debt had been that of the husband but had ceased to exist.

Study of appellant's briefs leaves a distinct impression that the appeal was taken more for harrassment of the wife than for any other reason.

The judgment is affirmed.

Fox, P. J., and Herndon, J., concurred.