[Civ. No. 26385. Second Dist., Div. Two. Jan. 31, 1963.]

ANDREW BONGIOVANNI, as Executor, etc., Plaintiff and Appellant, v. STANLEY H. RACKOW et al., Defendants and Respondents.

Edward S. Cooper and Ronald Harrison Cooper for Plaintiff and Appellant.

David Pick for Defendants and Respondents.

HERNDON, J.—Plaintiff appeals from a judgment denying him the relief sought by him in his complaint alleging fraud and deceit in connection with the sale of certain real property. The first 80 pages of the brief filed by appellant are devoted entirely to the statement of abstract principles of law and to the discussion of matters not embraced within the issues as framed by the pleadings or as stated in the pretrial order. The sole assignment of error reads as follows:

"From what has heretofore been said and without the necessity of repeating each and every point, the oral and documentary evidence conclusively establishes that as a matter of law from the cases cited and quoted from, judgment should have been in favor of the Plaintiff and against the Defendants. We do recognize the rule that in this assignment of error the Court will carefully read all of the evidence, oral and documentary and when the Court has done this, it will be apparent that: The following Findings of Fact and Conclusions of Law are unsupported by the evidence, and are contradictory, inconsistent and uncertain, and do not support the Judgment. (*Andrew* v. *Cunningham*, 105 Cal.App.2d 525 [233 P.2d 563].) Findings II, XI, XII, XXIX, XXX, XXXI, XXXII, XXXIII, XXXIV, XXXV, XXXVI, XXXVII, XXXVIII, XXXIX, XXXX, XXXXI, XXXXIV, XXXXV, and XXXXVI. Conclusions of Law I, II, III, IV, V, VI, VII, VIII, X, XI, and XII."

By this unique "assignment of error" appellant invites this court to "carefully read" a reporter's transcript of three volumes totalling 762 pages and to examine some 56 exhibits, which include copies of articles of copartnership, leases, escrow instructions, and amendments thereto, many pages in length, in order, perhaps, that we may discover some deficiency in the evidence supporting the numbered but otherwise unspecified findings and conclusions. This we are not disposed to do.

"A reviewing court starts with the presumption that the record contains evidence to sustain every finding of fact, and it is not the province of such a court to search the record in order to ascertain whether it contains evidence which will support a contention made by either party to an appeal. [Citations.]" (*Leming* v. *Oilfields Trucking Co.*, 44 Cal.2d 343, 356 [282 P.2d 23, 51 A.L.R.2d 107].) The following statement of this court in *Davis* v. *Lucas*, 180 Cal.App.2d 407, 409-410 [4 Cal. Rptr. 479], appears particularly appropriate in the instant case:

██ ''The appellate court starts with the presumption that the evidence sustains each finding of fact [citations], and the burden rests upon appellant 'to demonstrate that there is no substantial evidence to support the challenged findings.' [Citations.] To this end appellant must set forth in his brief all material evidence upon the point, not merely his own proofs [citations]; if this is not done the point is deemed waived (so held in the cases just cited). Counsel in this case has made no real effort to comply with the rule. ██ '[A] claim of insufficiency of the evidence to justify findings, consisting of mere assertion without a fair statement of the evidence, is entitled to no consideration, when it is apparent, as it is here, that a substantial amount of evidence was received on behalf of the respondents.' [Citation.] In the circumstances we are entitled to accept the statements of respondent's brief as to the evidence upon the subject. Respondent's counsel has assembled enough of the testimony in his brief to show at least a substantial conflict in the evidence. Our duty begins and ends with the determination of the existence of such a conflict. . . . We do not make an independent search of the record to uncover error.'' (Cf. *Bird* v. *Bird*, 152 Cal.App.2d 99, 101 [312 P.2d 773] and *Edwards* v. *Container Kraft Carton etc. Co.*, 161 Cal.App.2d 752, 756 [327 P.2d 622].)

Summarily stated, the record indicates that in May of 1955 appellant sold a portion of a tract of real property owned by him to respondents Rackow and Stokes. The portion sold will be referred to as Parcel No. 1 and the portion retained by appellant will be referred to as Parcel No. 2. At the time of this sale, the parties entered into an agreement regarding the subdivision of both parcels and a division of the costs thereof. This agreement never was fully consummated, although various negotiations were subsequently carried on in connection therewith.

In March of 1957, appellant sold Parcel No. 2 to respondent Rackow and his wife and terminated the prior agreement regarding subdividing the properties. By the first cause of action of his complaint, appellant alleged that respondents defrauded him in that (1) Rackow told him in March of 1957 Marquardt Aircraft Company was no longer interested in leasing the parcels, and (2) Rackow told him that respondent Stokes was not taking part in the purchase of Parcel No. 2. Appellant's second cause of action is based upon substantially the same factual allegations followed by the conclusory statement that Rackow was under a fiduciary duty to appellant to

reveal the facts with reference to the matters above set forth as the fraudulent misrepresentations alleged in the first cause of action.

The trial court, however, found (and respondents have directed our attention to substantial evidence in the record to support such findings) that on October 1, 1956, Rackow informed appellant that he was negotiating with Marquardt regarding a lease of Parcel No. 1 and asked whether or not appellant would be interested in leasing Parcel No. 2 to Marquardt. Appellant stated that he would not be interested because of his unpleasant prior dealings with that company in 1954. However, he agreed to lease Parcel No. 2 to Rackow and Stokes and actually drew up a tentative lease agreement for this purpose. This lease was never executed because the terms thereof were not satisfactory to respondents and also because Marquardt broke off all negotiations looking toward a lease on October 15, 1956.

Thereafter, in February of 1957, Rackow observed a new ''For Sale'' sign on appellant's Parcel No. 2. Rackow contacted appellant, and, following negotiations, the sale was consummated. The court also found that Rackow never told appellant that Stokes was not to have an interest in the purchase or that Marquardt had not again indicated a desire to lease the property. A finding was also made that appellant would have sold the property to any third party for the same price and that the sale price was actually in excess of its then fair market value. The court further found: that appellant did not at any time place special, or any, trust and confidence in respondents; that there never was any fiduciary relationship between the parties; and that it was untrue that appellant would have refused to sell the property to respondents if he had known that they had recommenced negotiations with Marquardt in March of 1957 looking to a lease of the properties.

It is apparent from these findings that the judgment of the trial court denying appellant relief was entirely proper. ''An examination of the testimony and other evidence in the instant case discloses that these findings have the support of persuasive evidence. We recognize no obligation to set it forth herein, for an appellate court is not charged with the duty of reviewing the evidence in an effort to convince appellant of its sufficiency or to otherwise demonstrate the fact. [Citations.]'' (*Edwards* v. *Container Kraft Carton etc. Co., supra,* 161 Cal.App.2d 752, 756.)

As heretofore indicated, the balance of appellant's brief is devoted entirely to arguments regarding the weight of the evidence and to statements of general and abstract propositions of law. A reviewing court is in no position to pass upon the credibility of witnesses (*People* v. *Barbera*, 50 Cal.2d 688, 692 [328 P.2d 973]), and we are not required to give opinions on moot questions or abstract propositions of law. (*Hidden Harbor, Inc.* v. *American Fed. of Musicians*, 134 Cal. App.2d 399, 402 [285 P.2d 691].)

The only other assignment of error that can be deduced from appellant's brief is his assertion that he should have prevailed on his third cause of action seeking to quiet his title to the oil and mineral rights reserved in his conveyance of Parcel No. 1 and to an easement created by respondents in a subsequent sale of the property. Respondents by their pleadings conceded appellant's ownership of the oil and mineral estate and the judgment so indicated. Appellant's claim of interest in the easement of necessity is predicated upon the rights asserted in his first and second causes of action; therefore, this claim fell with his failure to meet his burden of proof with respect to these causes of action.

The judgment is affirmed.

Fox, P. J., concurred.