[Civ. No. 26911. Second Dist., Div. Two. June 25, 1963.]

KATHERINE ELSIE MILLER, as Special Administratrix, etc., Plaintiff and Respondent, v. EDWARD CHECKEROSKI, Defendant and Appellant.

Rafus J. Carter for Defendant and Appellant.

Monta W. Shirley and Clete McCoy for Plaintiff and Respondent.

HERNDON, J.—Defendant appeals from a judgment holding him liable for the payment of a real estate broker's commission. He makes no specific assignment of error, but states that the issues are: (1) whether or not there was a sale or exchange of the property during the life of the listing agreement, and (2) if so, whether or not the broker was the procuring cause of the sale.

Since the trial court made express findings of fact on these issues which fully support the judgment, an affirmance is clearly indicated unless it appears from the record that the evidence fails to support these findings. Although the clerk's transcript indicates that plaintiff introduced the testimony of five witnesses, appellant has presented this court with a *partial* reporter's transcript containing the testimony of only one of these witnesses.

An appellate court must begin its review with a recognition of the presumption that the findings of fact are supported by the evidence; the burden rests upon an appellant to show that there is no substantial evidence to support any challenged findings. To this end, appellant must set forth all material evidence bearing upon such findings, and, if this is not done, the point is deemed waived. (*Bongiovanni* v. *Rackow,* 212 Cal.App.2d 550, 551-552 [28 Cal.Rptr. 155]; *Davis* v. *Lucas,* 180 Cal.App.2d 407, 409-410 [4 Cal. Rptr. 479].) Since appellant in the instant cause has failed

completely to comply with this fundamental rule of appellate procedure, the judgment, of course, must be affirmed.

In addition, the merit of respondent's case clearly appears even from the fragmentary record presented us. After the falsity of appellant's sworn denial that he had signed the exclusive listing agreement had been proved, he admitted its execution but contended that he simply had made a gift of the real estate to the prospective purchaser, and as the result of this generous gesture the latter decided simultaneously to make him a gift of $10,000. Obviously we cannot rule as a matter of law that the trial court was required to accept this altruistic interpretation of the conduct of these skilled real estate speculators.

The judgment is affirmed.

Fox, P. J., and Asburn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 23, 1963.