[Civ. No. 19666.   Second Dist., Div. Three.   Nov. 4, 1953.]

ROSETTA GILLESPIE, Respondent, v. CRONE
GILLESPIE, Appellant.

Hardwick & English and Edward S. Hardwick for Appellant.

Harry B. Seelig and Arthur J. Manley for Respondent.

VALLÉE, J.—Appeal by defendant from an interlocutory decree of divorce. He also appeals from an order denying his motion for a new trial. Since the latter order is nonappealable the appeal therefrom will be dismissed. The court found that defendant had been guilty of extreme cruelty toward plaintiff, without justification or provocation. Defendant asserts the finding is unsupported by the evidence.

The parties were married in New York in 1942. Defendant came to California in 1945; plaintiff, in 1946. They separated on January 23, 1952. Plaintiff testified she left defendant because he told her she was no longer needed, she could get her clothes and go; he asked her to leave, and made life so miserable for her she could no longer stay. On several occasions he threatened to strike her. On one occasion in 1950, he struck her with his hand on the side of the head and on the forehead, bruising it; she tried to get out of the house; he grabbed her by the arm, threw her back from the door and down onto a settee where he held her. As a result she had a "terrible headache" for several days afterwards. On one occasion, defendant closed and locked the house in which the parties were living, in an attempt to keep plaintiff out. On one occasion, in the presence of another person, defendant told her that she was "a nasty type of woman"; on another, also in the presence of a third person, that she was "a nasty old hag, nasty, dirty old hag." The fact that defendant made these statements to plaintiff was corroborated. On another occasion he told her she was "nothing but a lowdown type of woman, . . . just a loafer." He told others in the presence of plaintiff that she did not have any sense, that she was crazy. Shortly before the separation defendant told plaintiff he had given her time to make up her mind about getting out. When

she did not leave, he did not speak to or notice her, "just went about his business," until she left about a week later. Plaintiff testified she did not want to leave; she left because she had to, because defendant told her to go. A few months after plaintiff left the house a woman and her two daughters moved into it and remained there for several months. Defendant was living at the house during this time. On one occasion during this period, defendant, the woman and her daughters left the house in an automobile on a Saturday morning and did not return until Sunday evening. Plaintiff knew the woman and her daughters were living in the house and that defendant was also living there at the time. The evidence as to what occurred after plaintiff left the house was corroborated.

Plaintiff testified that defendant's treatment caused her to become very nervous, she lived under a nervous tension and strain; it affected her eating, her food did not digest, it would not stay down; she "got to the place" where she could not sleep because of her heart; she "was just about near a nervous breakdown," and she lived in fear of defendant.

An inference of extreme cruelty is fairly deducible from the evidence. ▮ We can only consider the evidence most favorable to the findings together with every inference reasonably to be drawn therefrom. ▮ As Mr. Justice McComb stated in *Marson* v. *Rand*, 107 Cal.App.2d 466, 468 [237 P.2d 18] : " 'It is not the province of a reviewing court to present, by way of opinion, a detailed argument on the sufficiency of the evidence to support the judgment where it appears that the question is one purely of determining which side shall be believed. The trial court having determined this with the witnesses before it, the controversy is settled.' " ▮ Whether in any given case there has been the wrongful infliction of grievous mental suffering is a question of fact to be deduced from all the circumstances in the particular case, keeping always in mind the intelligence, refinement, and delicacy of sentiment of the complaining party; and the finding of the trial court, based on any reasonable analysis of the facts and circumstances as shown by the evidence, will not be disturbed on appeal. (*Walker* v. *Walker,* 108 Cal.App.2d 605, 607 [239 P.2d 106].)

▮ Defendant claims the court erred in permitting a witness to testify over objection that during the time she lived with the parties defendant grabbed her and asked her several

times to go out with him. The evidence was received subject to a motion to strike if not connected. At a later stage of the trial the evidence was stricken on motion of defendant. Obviously there was no error.

The appeal from the order is dismissed. The judgment is affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.