[Civ. No. 20418.   Second Dist., Div. Three.   Jan. 27, 1955.]

JESSE   SONKIN,   Respondent,   v.   MARY   HERSHON, Appellant.

John R. Sahanow for Appellant.

Marvin A. Freeman for Respondent.

VALLÉE, J.—Appeal by defendant from that part of a judgment which decrees that plaintiff is the owner of an undivided half interest in a parcel of realty.

Plaintiff and Yvette Sonkin were husband and wife.  In 1947 Yvette was the owner of the property.  On July 25, 1947, she executed a grant deed of the property to herself and Mary Hershon as joint tenants.  On July 7, 1952, she executed a quitclaim deed of the property to her husband. She died on July 27, 1952.

Plaintiff sued to quiet title to the entire parcel.  Defendant answered, denying that plaintiff had any interest.  She also filed a cross-complaint in which she alleged that at the time Yvette executed the deed to plaintiff, she (Yvette) was in-

competent; plaintiff paid no consideration for the deed; it was procured by the fraud and undue influence of plaintiff; and the signature on the deed was a forgery. Defendant prayed that title to the entire parcel be quieted in her. The allegation of forgery was not urged at the trial.

The court found that the allegations of the cross-complaint were not true. The judgment was that plaintiff and defendant each owns an undivided half interest in the property. Defendant appeals.

Defendant's claim is that the findings that Yvette was competent at the time she executed the deed to plaintiff and that it was not procured by the fraud or undue influence of plaintiff are unsupported by the evidence.

Considering the evidence and the reasonable inferences therefrom in the light most favorable to plaintiff and disregarding conflicting evidence and inferences, our examination of the record reveals that the challenged findings are amply supported by the evidence. The case is merely one in which there is a conflict in the evaluation of evidence. Because we might have found the evidence tilting one way rather than the other is no ground for reversal. The argument made here is one which should have been, and no doubt was, made to the trial court. It is not the province of a reviewing court to present a detailed argument on the sufficiency of the evidence to support the findings where it appears that the question is one purely of determining which side shall be believed. The trial court having determined this with the witnesses before it, the controversy is settled. (*Gillespie* v. *Gillespie,* 121 Cal.App.2d 95, 97 [262 P.2d 607].)

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied February 23, 1955, and appellant's petition for a hearing by the Supreme Court was denied March 22, 1955.