[Civ. No. 20728. Second Dist., Div. Three. June 22, 1955.]

EUGENE DE FREITAS, Respondent, v. MIRIAM
DE FREITAS, Appellant.

S. S. Schwartz for Appellant.

Westrum & Harvey for Respondent.

ASHBURN, J. pro tem.*—Plaintiff husband brought this action praying (1) for a decree that, because of defendant

---

*Assigned by Chairman of Judicial Council.

wife's cruelty, he "may live separate and apart from the defendant" and (2) for exclusive custody of the child of the marriage, alleged to be then in his custody. The wife, in addition to answering, filed a cross-complaint for annulment on grounds of her nonage and plaintiff's fraudulent inducement of the marriage. She alleged the child to be in the joint custody of the parties and prayed that custody be awarded to her. The child was in fact in the custody of the plaintiff. Each party obtained an order requiring the other to show cause why the custody of the child should not be awarded, "during the pendency of this action" to the moving party. The wife also sought attorney fees, court costs and support for herself and the child during the pendency of the action. The orders were heard together, and after a somewhat elaborate trial of the issue, temporary custody was awarded to plaintiff by minute order of May 21, 1954, reading as follows: "Heretofore submitted on May 14, 1954, the court now renders its decision and order as follows: Temporary custody of the minor child is given to plaintiff subject to right of reasonable visitation of defendant. Plaintiff and defendant are ordered restrained from removing the minor child from Los Angeles County, California without the written permission and consent of both parties or order of court first obtained. Plaintiff is ordered to pay to the defendant for her support and maintenance and as alimony the sum of $5.00 per week payable on Saturday of each week beginning May 22, 1954, such payment to discontinue if defendant removes from Los Angeles County. . . ." This was followed by written findings and conclusions of law on July 12, 1954, but there was no formal order signed by the judge.

The child is a girl, 2 years of age. And the court found that "both parties are fit persons to have the custody and control of the minor child," but that "the best interests of the minor child demand that the plaintiff have custody and control of the minor child subject to the right of reasonable visitation reserved to the defendant."

Defendant appealed from the minute order "and from the whole of said order." But her brief on appeal attacks only that portion of the order which awards temporary custody of the child to plaintiff. ■ As to all other provisions of the order it must be affirmed pursuant to the settled rule that claims of error not advanced in the opening brief are waived. (*Title Guar. & Trust Co.* v. *Fraternal Finance Co.,*

220 Cal. 362, 363 [30 P.2d 515] ; *David* v. *Goodman*, 89 Cal. App.2d 162, 170 [200 P.2d 568] ; 4 Cal.Jur.2d, § 480, p. 310.)

 Section 138, Civil Code, contains these pertinent provisions: ''In awarding the custody the court is to be guided by the following considerations:

''(1) By what appears to be for the best interests of the child . . .''

''(2) As between parents adversely claiming the custody, neither parent is entitled to it as of right; but other things being equal, if the child is of tender years, custody should be given to the mother; if the child is of an age to require education and preparation for labor or business, then custody should be given to the father.''

This section confers a broad discretion on the court to do what is best for the welfare of the child. And the appeal presents only the question whether that discretion was abused in the instant case. ''In a divorce proceeding involving the custody of a minor, primary consideration must be given to the welfare of the child. The court is given a wide discretion in such matters, and its determination will not be disturbed upon appeal in the absence of a manifest showing of abuse. (*Gantner* v. *Gantner*, 39 Cal.2d 272, 275 [246 P.2d 923] ; *Taber* v. *Taber*, 209 Cal. 755, 757 [290 P. 36].) 'Every presumption supports the reasonableness of the decree.' (*Runsvold* v. *Runsvold*, 61 Cal.App.2d 731, 733 [143 P.2d 746].)'' (*Gudelj* v. *Gudelj*, 41 Cal.2d 202, 208 [259 P.2d 656].) ''In a contest between parents concerning the custody of their minor child neither is entitled to custody as a matter of right. Under the statute (Civ. Code, § 138, subd. (2) each is equally entitled to custody and no showing or finding of unfitness is necessary to enable the court to award custody to one or the other in accordance with what, in its sound discretion, is deemed the best interests of the child. (*Munson* v. *Munson*, 27 Cal.2d 659, 666 [166 P.2d 268] ; *Stever* v. *Stever, supra*, 6 Cal.2d 166, 169 [56 P.2d 1229] ; *Beal* v. *Beal*, 218 Cal. 755, 758 [24 P.2d 768].)'' (*Davis* v. *Davis*, 41 Cal.2d 563, 565 [261 P.2d 729].) ''An abuse of discretion must be clearly established before the reviewing court will interfere with an award of custody. (*Wolfe* v. *Wolfe*, 30 Cal.2d 1, 5 [180 P.2d 345] ; *Munson* v. *Munson*, 27 Cal.2d 659, 666 [166 P.2d 268] ; *Prouty* v. *Prouty*, 16 Cal.2d 190, 191 [105 P.2d 295].) The trial court is given wide latitude of discretion in determining whether other things are equal within the meaning of the code section

(*Taber* v. *Taber*, 209 Cal. 755, 756 [290 P. 36].) It is the welfare of the child and not the shortcomings of the respective parties which is determinative." (*Clarke* v. *Clarke*, 35 Cal.2d 259, 261, 262 [217 P.2d 401].) " 'This section [Civ. Code, § 138, subd. (2)] does not give the mother the *absolute right* to the custody of a child of tender years. The qualifying clause, "but other things being equal," still leaves a large measure of discretion with the trial court. If the court finds that other things are *not* equal, as it evidently did here, and there is any substantial evidence to support such a finding, our inquiry is at an end.' " (*Scott* v. *Barnes*, 118 Cal.App.2d 271, 275 [257 P.2d 700].)

We deem it unnecessary to detail or review the evidence justifying the court's ruling at bar; it fully sustains the conclusion that the welfare of the child will be best subserved by permitting the custody to remain with the father, at least temporarily. The trial judge expressed real concern over the proper order to be made by him, accorded both sides a full hearing, and exercised a discretion which cannot upon this record be termed an unsound one,—certainly he did not abuse his discretion.

Cases arising upon application for modification of an existing custody order are not controlling here; we deal with one awarding temporary custody prior to trial. The cited cases of *Juri* v. *Juri*, 69 Cal.App.2d 773 [160 P.2d 73] ; *Washburn* v. *Washburn*, 49 Cal.App.2d 581 [122 P.2d 96] have to do with motions for modification.

We reiterate what this court said in *Sonkin* v. *Hershon*, 130 Cal.App.2d 491, 492 [279 P.2d 156] : "It is not the province of a reviewing court to present a detailed argument on the sufficiency of the evidence to support the findings where it appears that the question is one purely of determining which side shall be believed. The trial court having determined this with the witness before it, the controversy is settled. (*Gillespie* v. *Gillespie*, 121 Cal.App.2d 95, 97 [262 P.2d 607].) " And in *Estate of Phelps*, 132 Cal.App.2d 850, 853 [283 P.2d 293] : "Where an appellant has failed to show that the trial court was wrong it is not incumbent upon a reviewing court to engage in a dissertation upon the law for the purpose of demonstrating that the court was right."

The order is affirmed.

Wood (Parker), Acting P. J., and Vallée, J., concurred.