[Civ. No. 8593.   Third Dist.   Aug. 2, 1955.]

JOHN W. HAYDEN et al., Respondents, v. WALTER I. HATCH et al., Appellants.

*Assigned by Chairman of Judicial Council.

Desmond, Miller & Artz for Appellants.

Busick & Busick for Respondents.

FINLEY, J. pro tem.*—This is an appeal from a money judgment in favor of plaintiffs-respondents and against defendants-appellants in the sum of $3,000 plus interest for damages based upon a finding by the court that respondents were entitled to rescission of a contract for purchase from appellants of the right to manufacture and sell a "bust pad" with the trade name of "Hatch Contourette."

The appeal also purports to be from the order denying appellants' motion for a new trial. Since there is no appeal from an order denying a motion for a new trial in a civil action, this portion of the appeal will be dismissed. (Code Civ. Proc., § 963.) The court's ruling on the motion is, however, reviewable on appeal from the judgment. (Code Civ. Proc., § 956.)

Appellants do not set out in so many words the points urged for reversal, but their argument is to the effect that the evidence is insufficient to justify the findings and judgment, and that appellants were guilty of laches and thereby forfeited any right to rescind.

The record consists of over 400 pages of testimony. Appellants have devoted much time and space in their brief to summarizing most of it and in reproducing portions thereof verbatim. They have not pointed out any manner in which the trial court committed prejudicial error in the conduct of the trial in admitting or excluding evidence or in applying rules

*Assigned by Chairman of Judicial Council.

of law to the findings made. The sum and substance of their argument is that in view of the evidence most favorable to appellants, the trial court should have arrived at a different conclusion.

It seems strange indeed that, in view of the numberless and constantly recurring pronouncements by appellate courts that they cannot invade the province of the jury or trial judge, litigants still persist in appealing cases on the ground that the trier of fact believed the wrong witnesses and relied upon the wrong evidence. ▉ The statement has become almost classical that where sufficiency of the evidence is questioned, the province and duty of an appellate court begins and ends with a determination that there is in the record evidence legally sufficient to support the findings and judgment. As is pointed out in *Risley* v. *Lenwell*, 129 Cal.App.2d 608 at page 625 [277 P.2d 897], the rule is aptly stated in *Crawford* v. *Southern Pac. Co.*, 3 Cal.2d 427 at page 429 [45 P.2d 183] as follows:

" 'In reviewing the evidence on such an appeal all conflicts must be resolved in favor of the respondent, and all legitimate and reasonable inferences indulged in to uphold the verdict if possible. It is an elementary, but often overlooked principle of law, that when a verdict is attacked as being unsupported, the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the jury. ▉ When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court.' "

"In discussing the rule it is said in *Estate of Bristol*, 23 Cal. 2d 221, at page 223 [143 P.2d 689]:

" '. . . The critical word in the definition is *"substantial"*; it is a door which can lead as readily to abuse as to practical or enlightened justice. It is common knowledge among judges and lawyers that many cases are determined to the entire satisfaction of trial judges or juries, on their factual issues, by evidence which is overwhelming in its persuasiveness but which may appear relatively unsubstantial—if it can be reflected at all—in a phonographic record. Appellate courts, therefore, if there be any reasonable doubt as to the sufficiency of the evidence to sustain a finding, should resolve that doubt in favor of the finding; and in searching the record and exploring the inferences which may arise from what is found

there, to discover whether such doubt or conflict exists, the court should be realistic and practical.' ''

Appellants here have not pointed out any particular instance wherein the evidence in this case fails to meet this test, but, as stated, have merely argued that the evidence produced in their behalf is sufficient to have supported findings and judgment in their favor. In this contention they are undoubtedly correct, and had the trial court found in their favor the findings and judgment would have rested on what appears from the record to be firm footing. But the trial judge was in position to determine the credibility of the witnesses, and as is apparent from the findings and judgment, chose to place his credence in respondents' testimony and the evidence produced by them. With his conclusion we do not, and could not, legally disagree. ▉ Furthermore, '' ' ''It is not the province of a reviewing court to present . . . a detailed argument on the sufficiency of the evidence to support the judgment where it appears that the question is one purely of determining which side shall be believed. The trial court having determined this with the witnesses before it, the controversy is settled.'' ' '' (*Gillespie* v. *Gillespie*, 121 Cal. App.2d 95, 97 [262 P.2d 607]; *De Freitas* v. *De Freitas*, 133 Cal.App.2d 769, 772 [285 P.2d 111].) ▉ And further, ''Where an appellant has failed to show that the trial court was wrong it is not incumbent upon a reviewing court to engage in a dissertation upon the law for the purpose of demonstrating that the court was right.'' (*Estate of Phelps,* 132 Cal.App.2d 850, 853 [283 P.2d 293].)

On the question of laches the trial court unquestionably determined that there was sufficient factual justification for respondents' delay in bringing their action to rescind. We find nothing in the record which would constitute a compelling legal mandate to the contrary.

The judgment is affirmed.

Schottky, J., concurred.

A petition for a rehearing was denied September 1, 1955.