[Civ. No. 21256.   Second Dist., Div. Two.   Nov. 14, 1955.]

GENEVIEVE DARLENE CLEWETT, Respondent, v.
DOUGLAS WELLINGTON CLEWETT, Appellant.

Russell A. Holt for Appellant.

Juaneita M. Veron for Respondent.

ASHBURN, J. pro tem.*—Defendant husband appeals from an interlocutory judgment of divorce which was granted upon the ground of extreme cruelty. Under a claim of insufficiency of the evidence appellant's counsel argues the weight of the same, endeavoring to induce this court to reweigh it. "Upon an appeal every intendment is to be indulged in which tends to support the judgment (*Hinds* v. *Oriental Products Co., Inc.,* 195 Cal. 655, 661 [235 P. 438]) and every reasonable inference which tends to support a finding must be accepted. (*Estate of Bristol,* 23 Cal.2d 221, 223 [143 P.2d 689].) The evidence is to be construed most strongly in favor of the respondent and all conflicts resolved in support of the verdict. (*Patten & Davies Lbr. Co.* v. *McConville,* 219 Cal. 161, 164 [25 P.2d 429].) And where appellant urges the insufficiency of the evidence to sustain the findings of the jury the rule is that, 'Such contention *requires defendants to demonstrate* that there is no substantial evidence to support the challenged findings.' (*Nichols* v. *Mitchell,* 32 Cal.2d 598, 600 [197 P.2d 550].) (Emphasis added.) It is said in *Crawford* v. *Southern Pac. Co.,* 3 Cal.2d 427, 429 [45 P.2d 183], that: 'It is an elementary, but often overlooked principle of law, that when a verdict is attacked as being unsupported, the power of the appellate court begins

and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the jury. When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court.' '' (*Hartzell* v. *Myall,* 115 Cal.App.2d 670, 672 [252 P.2d 676].) To the same effect see *Dubosclard* v. *Dubosclard,* 112 Cal.App.2d 342, 343 [246 P.2d 124]. That this is especially true with respect to the issue of extreme cruelty appears from numerous decisions exemplified by *Polk* v. *Polk,* 50 Cal.App.2d 653 [123 P.2d 550]; *Ganann* v. *Ganann,* 109 Cal.App.2d 346 [240 P.2d 722]; *Margolis* v. *Margolis,* 115 Cal.App.2d 131 [251 P.2d 396]; *Fleming* v. *Fleming,* 95 Cal. 430 [30 P. 566, 29 Am.St.Rep. 124]; *Bixby* v. *Bixby,* 120 Cal.App.2d 495 [261 P.2d 286].

Appellant's brief shows that the evidence at bar is conflicting and leaves no function for this court to perform other than that of affirming the judgment. *Sonkin* v. *Hershon,* 130 Cal.App.2d 491, 492 [279 P.2d 156]: ''It is not the province of a reviewing court to present a detailed argument on the sufficiency of the evidence to support the findings where it appears that the question is one purely of determining which side shall be believed. The trial court having determined this with the witnesses before it, the controversy is settled. (*Gillespie* v. *Gillespie,* 121 Cal.App.2d 95, 97 [262 P.2d 607].)'' And in *Estate of Phelps,* 132 Cal. App.2d 850, 853 [283 P.2d 293]: ''Where an appellant has failed to show that the trial court was wrong it is not incumbent upon a reviewing court to engage in a dissertation upon the law for the purpose of demonstrating that the court was right.''

The rule to which we have just adverted has been reiterated so often and with so little effect upon certain segments of the bar that it seems to call in this instance for application of Rule 26 of Rules on Appeal, which provides that in case of a frivolous appeal, ''the reviewing court may impose upon offending attorneys or parties such penalties . . . as the circumstances of the case and the discouragement of like conduct in the future may require.''

The judgment is affirmed and the attorney for appellant is fined the sum of $100 for taking a frivolous appeal, such amount to be added to respondent's costs on appeal.

McComb, Acting P. J., and Fox, J., concurred.

# MEMORANDUM CASES