[Civ. No. 24537.   Second Dist., Div. Three.   Dec. 30, 1960.]

Estate of ABRAHAM L. GORE, Deceased.   FRANCINE L. HERSHEY et al., Appellants, v. RUTH MAE GORE et al., Respondents.

Russell E. Parsons for Appellants.

Joseph A. Ball, Manley C. Davidson and Bachrack & Wilson for Respondents.

VALLÉE, J.—Francine L. Hershey, who was not related to the deceased, Abraham L. Gore, and Gloria Gore Boyd, daughter of the deceased, separately petitioned the superior court for probate of an alleged lost will of the deceased. The petitions alleged the will was executed on or about December 22, 1949. Ruth Mae Gore, surviving spouse of the deceased, filed written grounds of opposition to the petitions. The petitioners answered. In a nonjury trial the court found that the deceased "did not on or about the 22nd day of December, 1949, make or execute or leave the purported lost or destroyed holographic will offered for probate by the petitioners," and

he "did not make or execute or leave a Last Will and Testament or any writing purporting to be his Last Will and Testament dated the 22nd day of December, 1949." The court concluded "That probate of the purported lost or destroyed will offered by said petitioners and which is mentioned and set forth in their petitions and the amended petition of petitioner FRANCINE L. HERSHEY shall be rejected and denied." Judgment was entered accordingly. Francine L. Hershey appeals from the judgment and from an order denying a new trial. The order denying a new trial is not appealable and that appeal will be dismissed.

Appellant's point is: "The evidence was not sufficient to sustain the judgment, in fact, the preponderance of the evidence was in favor of admitting the Will in question to probate."

Whether in our opinion the preponderance of the evidence is that the deceased executed a will on or about December 22, 1949, and that it was lost or destroyed is of no consequence. That was a question for the trial court.

Abraham L. Gore died January 21, 1951. His estate was probated as that of an intestate. On April 24, 1952, a decree of distribution was entered which found all of the property of the estate was the community property of the deceased and Ruth Mae Gore, his widow, and by which the whole of the residue of the estate was distributed to her. The petitions for probate of the alleged lost will were not filed until March 1957.

There was much evidence from which the court could reasonably infer that the deceased did not, on December 22, 1949, or at any other time, execute the alleged lost will. Considering the evidence and the reasonable inferences therefrom in the light most favorable to respondents and disregarding conflicting evidence and inferences, our examination of the record reveals that the challenged findings are amply supported by the evidence. The case is merely one in which there is a conflict in the evaluation of evidence. Because we might have found the evidence tilting one way rather than the other is no ground for reversal. The argument made here is one which should have been, and no doubt was, made to the trial court. It is not the province of a reviewing court to present a detailed argument on the sufficiency of the evidence to support the findings where it appears that the question is one purely of determining which side shall be believed. The trial court having determined this with the

witnesses before it, the controversy is settled. (*Sonkin* v. *Hershon*, 130 Cal.App.2d 491, 492 [279 P.2d 156].)

The appeal from the order denying a new trial is dismissed. The judgment is affirmed.

Shinn, P. J., and Ford, J., concurred.