[Civ. No. 7093.   Fourth Dist.   June 24, 1963.]

BETTY JANE MORGAN, Plaintiff and Appellant, v. JAMES I. MORGAN, Defendant and Respondent.

Wendell V. Harris for Plaintiff and Appellant.

Vinnedge, Lance & Glenn for Defendant and Respondent.

BROWN (Gerald), J.—In this matter plaintiff has appealed from an order of the superior court awarding the custody of the minor daughter of the parties, born September 4, 1955, to plaintiff's ex-husband, the defendant, and the physical care and control of the child to the paternal grandparents. There was no finding that the plaintiff was unfit.   At the time plaintiff obtained an interlocutory judgment of divorce from defendant she was awarded the care, custody and control of the child based upon a finding that she was a fit and proper person to have such care, custody and control.   The final decree again awarded care, custody and control to plaintiff. Shortly thereafter, in modification proceedings, defendant obtained custody, with the physical care and control of the child being placed in his parents.

■ The plaintiff contends that inasmuch as she was not found to be unfit, the court erred in awarding physical care and control of the child to the paternal grandparents. This position is meritorious.

In *Roche* v. *Roche,* 25 Cal.2d 141, 144 [152 P.2d 999], the court reviewed an order giving "joint control" of an 8-year-old girl to both parents, and provided that the "physical care and control" should be with the paternal grandparents with full visitation privileges to the mother. The mother appealed, contending that having been found fit and competent, a parent was entitled to have the physical care and custody of her child, even though the court found that giving such care to "strangers" was for the best interest of the child. The Supreme Court reversed the judgment, stating:

"It is of no significance that the court awarded the bare legal 'control' of the child to both parents. The essential thing in which a parent is interested is the physical control and care of the child, which here was awarded to the paternal grandparents. The policy above declared may not be thwarted by the artifice of giving a fit parent bare legal control while denying actual physical care and custody."

■ As between a parent and a grandparent, the latter is a stranger to an action involving child custody; as between a grandparent and the mother of a child, the mother's rights are paramount. (*Wilkinson* v. *Wilkinson,* 105 Cal.App.2d 392 [233 P.2d 639].) In the *Wilkinson* case, *supra,* the plaintiff father was awarded a divorce decree giving him the care, custody and control of the minor children of the parties, with the "strict condition" that the children be kept and maintained in the home of the father's mother, under her supervision and care. Later the defendant mother remarried and brought modification proceedings to obtain custody of the children; the father did not want to take the children into his home; instead he sought to keep them in the home of their paternal grandmother. The appellate court reversed an order holding against the natural mother, quoting with approval from *In re White,* 54 Cal.App.2d 637, 640 [129 P.2d 706]:

"The right of a parent to the care and custody of a child cannot be taken away merely because the court may believe that some third person can give the child better care and greater protection. One of the natural rights incident to parenthood, a right supported by law and sound public policy, is the right to the care and custody of a minor child, and

this right can only be forfeited by a parent upon proof that the parent is unfit to have such care and custody.''

The court in the *Wilkinson* case, *supra,* stated further, p. 400:

''While, generally speaking, the best interests of a child in a controversy over its custody is matter for determination by a trial court, and its determination will not be overruled if fairly considered and supported by competent evidence, the fact remains that, as between a mother and the grandparents of a child, the rights of the mother are paramount; and the grandparents should not be permitted to retain custody where there is no showing that a mother, seeking the custody of her two small girls, is not *presently* a fit and proper person to have their custody.''

In *Stewart* v. *Stewart,* 41 Cal.2d 447 [260 P.2d 44], the parents provided in a property settlement agreement that their children be placed temporarily with their paternal aunt and her husband. The trial court approved the agreement and incorporated it in the divorce decree. Three years later the mother, having remarried and established a new home, sought complete custody of the children; her former husband, while not seeking custody himself, objected to the children's being removed from his sister's home. The court denied the mother's petition, without findings, and on appeal the Supreme Court reversed, saying, p. 451:

''Where a parent applying for custody is in a position to take the child and is not shown to be unfit, the court may not award custody to strangers merely because it feels that they may be more fit or that they may be more able to provide financial, educational, social, or other benefits.'' (Citing cases.)

In the instant case the trial court erred in placing the physical care and control of the child in the paternal grandparents as against the mother who was not found to be unfit. (*Robertson* v. *Robertson,* 72 Cal.App.2d 129 [164 P.2d 52]; *Becker* v. *Becker,* 94 Cal.App.2d 830, 833 [211 P.2d 598]; *Guardianship of Joaquin,* 168 Cal.App.2d 99, 101 [335 P.2d 507].)

Order reversed for further proceedings.

Griffin, P. J., and Conley, J.,* concurred.

*Assigned by Chairman of Judicial Council.