[Civ. No. 6947.   Fourth Dist.   July 25, 1963.]

DONNA MAY CURRY, Plaintiff and Appellant, v. JOHN E. CURRY, Defendant and Respondent.

Roick, Roick & Hefner and Robert A. Hefner for Plaintiff and Appellant.

John E. Curry, in pro. per., for Defendant and Respondent.

COUGHLIN, J.—The sole issue on this appeal is whether the trial court abused its discretion in denying a motion to modify a child custody order.

The controlling rule in such a situation is stated in *Foster* v. *Foster*, 8 Cal.2d 719, 730 [68 P.2d 719] as follows: "An application for a modification of an award of custody is addressed to the sound legal discretion of the trial court, and its discretion will not be disturbed on appeal unless the record presents a clear case of an abuse of that discretion." (In accord: *Munson* v. *Munson*, 27 Cal.2d 659, 666 [166 P.2d 268].)

The facts herein will be stated in accord with the time-honored rule that the trial court resolved every factual conflict in favor of the prevailing party, and accepted that evidence, including those inferences reasonably deducible therefrom, which supports its order. (*Primm* v. *Primm*, 46 Cal.2d 690, 693 [299 P.2d 231]; *Thomas* v. *Hunt Mfg. Corp.*, 42 Cal.2d 734, 736 [269 P.2d 12].)

The plaintiff, in June 1956, obtained a default interlocutory decree of divorce from the defendant, who then was in the armed services of the United States, after the latter had filed a written appearance in the action; was awarded custody of the 2½-year-old son of the parties; in March of the following year went to the home of the defendant in Nebraska, purportedly for the purpose of effecting a reconciliation; but, within a short time thereafter, upon receipt of train fare from a person named Jay Knudson in San Diego, deserted the defendant and her minor son, and returned to that city. It

appears that the defendant still was in the armed services at the time of this visit; placed the child with his parents in the latter's home in Alliance, Nebraska; and in May 1957 obtained an order which awarded him custody of the boy, directed that the latter should live with the defendant's parents, and modified the custody provisions of the interlocutory decree accordingly. The plaintiff claims that she had no knowledge respecting this change of custody proceeding. However, the order of modification recites that she was represented by her attorney at the hearing in question. A final decree of divorce was entered in June 1957. The plaintiff married again, but the date of marriage, or the name of her husband, is not disclosed by the record. From March 1959 to April 1960, the minor resided in California a short distance from where the plaintiff lived, but she visited him only on one occasion during that time. In September 1961 the plaintiff instigated the instant proceeding to obtain custody.

The boy now is living with his grandmother in Nebraska; when brought there by his mother in 1957, "was in a very poor condition, was extremely nervous, was unable to eat, and had no clothes whatever except the clothes on his back and there was an apparent lack of affection for" him by her; now is happy, in good health, and "no longer nervous and upset"; has been attending school regularly; does well in his studies; and attends church.

The defendant has been released from the armed services; has married again; now is working on a ranch in Nebraska, at a place where it would be difficult for the boy to attend school as he would have to travel three miles on horseback over sandy hills to do so; sees his son frequently; has the minor with him at the ranch during the summer months; and, in the near future, expects to move to a new location at which time his son will live with him permanently.

A Director of Public Welfare for the County of Box Butte, Nebraska, for 18 years, the boy's school teacher, and the Chief of Police of Alliance, Nebraska, vouch for the ability of the grandmother in caring for the boy; state that he has been well cared for and is well liked by his playmates; and express the opinion that it would be for his best interests if he were permitted to remain with the grandmother and attend school in Alliance until his father moves closer to another school. The grandmother's home is a clean, modern house, in which the minor has a bedroom of his own, and which is adjacent to a large yard in which he plays.

The plaintiff lives in Valley Springs, California, in a three-bedroom house, with a 2-year-old child of her present marriage, and with her husband who has indicated his desire to have the subject minor live with them.

The plaintiff contends that the court abused its discretion in refusing to modify the former order and permit her to have custody of her son because, by statute, other things being equal, the custody of a child of tender years should be awarded to the mother (Civ. Code, § 138, subd. (2)), that the court, in substance has preferred a grandmother over a mother; and that the decision at hand is controlled by that expressed in *Wilkinson* v. *Wilkinson*, 105 Cal.App.2d 392 [233 P.2d 639].

The case at bar differs from the cited case in that the contest here, as contrasted with that in the cited case, in reality is not one between the grandmother and the mother. Although the subject minor is living with his grandmother, this is perforce of circumstances temporary in nature. The defendant has a very actual interest in his son; visits him frequently, has left him with the grandmother in order that he might more easily attend school; and, in the near future, intends to move to a location where he can have the boy with him all of the time. The instant situation does not involve the choice of a custodial placement between a parent and a stranger. The evidence supports the conclusion that the father actually exercises the custodial rights conferred upon him although, as permitted by the custodial order, he has placed the child with the grandmother from time to time. In this regard it should be observed that when the order placing the minor in the custody of the defendant was made the latter was in the armed services, the plaintiff had abandoned the child, and undoubtedly it was for this reason that the court expressly authorized physical placement with the grandmother. (Cf. *Hamilton* v. *Hamilton*, 104 Cal.App.2d 111, 116 [231 P.2d 69].)

The rule in the *Wilkinson* case (*Wilkinson* v. *Wilkinson*, *supra*, 105 Cal.App.2d 392) was followed and applied by this court in *Morgan* v. *Morgan*, 217 Cal.App.2d 535 [31 Cal. Rptr. 682], where we reversed an order modifying a previous order awarding custody of a minor daughter to her mother by removing the child from the mother and awarding custody to the father but placing physical care and control with the paternal grandparents. However, in the *Morgan* case, as distinguished from the case at bar, the mother had not

abandoned her child; the order appealed from did not modify a previous order made necessary by such abandonment; placement with the grandparents was not of a temporary nature; and there was no showing that the father actually intended to have the child with him.

A mother is not given an absolute right to the custody of a child of tender years. Other things must be equal before the child must be placed with her because of his age. (*Mathewson* v. *Mathewson,* 207 Cal.App.2d 532, 536 [24 Cal.Rptr. 466]; *Reynolds* v. *Reynolds,* 149 Cal.App.2d 409, 412 [308 P.2d 921]; *De Freitas* v. *De Freitas,* 133 Cal.App.2d 769, 772 [285 P.2d 111]; *Phillips* v. *Phillips,* 48 Cal.App.2d 404, 407 [119 P.2d 736].) In determining whether other things are equal, the trial court is vested with a wide latitude in the exercise of its discretion, and must be guided by the fundamental rule, which controls the determination of all child custody issues, that the best interests of the child must be served. (*Gudelj* v. *Gudelj,* 41 Cal.2d 202, 208 [259 P.2d 656]; *Munson* v. *Munson, supra,* 27 Cal.2d 659, 666; *Taber* v. *Taber,* 209 Cal. 755, 756-757 [290 P. 36].)

At the time of the order herein the subject minor was approximately 7½ years of age; is now almost 9 years of age; and, although young, is of an age where the maternal needs of those of tender years is waning.

In substance, the plaintiff abandoned her son in 1956; did not indicate a rekindling of maternal concern for him when she had an opportunity to do so by visiting him during the period from March 1959 to April 1960; and made no effort to effect a modification of the order placing custody in the defendant until after her father visited the boy in July 1961. It may be inferred that commencement of the instant proceedings was prompted by the maternal grandfather's desires in the premises rather than any concern which the plaintiff may have had for her son. On the other hand, although the boy's father was required to work at a place distant from where the boy was living, he saw his son frequently, and intended to move to a place where the child could be with him in his household.

When the subject motion for modification was heard, i.e., on October 26, 1961, the minor was attending school at Alliance, in Nebraska, and the requested modification of the custody order would have required his removal from that school and a placement among strangers, in strange surroundings, at a strange school in California. The trial court

was entitled to conclude that such a change was not for his best interests. (*Lawrence* v. *Lawrence,* 165 Cal.App.2d 789, 793 [332 P.2d 305]; *Fine* v. *Denny,* 111 Cal.App.2d 402, 404 [244 P.2d 983]; *Bemis* v. *Bemis,* 89 Cal.App.2d 80, 90-91 [200 P.2d 84].)

The facts as related do not indicate that the trial court abused its discretion in determining that any benefit which the subject minor might receive from being placed with his mother because of his youth was offset by other benefits available to him were he to remain in the custody of his father. (*Lawrence* v. *Lawrence, supra,* 165 Cal.App.2d 789, 793.)

██ ''All presumptions are in favor of the reasonableness of the decree, and in the absence of a showing that compels the conclusion that the decree should be modified, an appellate court cannot interfere with the trial court's refusal to modify it.'' (*Prouty* v. *Prouty,* 16 Cal.2d 190, 193 [105 P.2d 295].)

██ The facts in this case do not compel the conclusion that the order which placed custody of the minor with the defendant should have been modified.

The order is affirmed.

Griffin, P. J., and Brown (Gerald), J., concurred.