[Civ. No. 15749.   Second Dist., Div. One.   Sept. 3, 1947.]

MARY WALTON FARNSWORTH, Appellant, v. TOM KELLER FARNSWORTH et al., Respondents; HELEN M. FARNSWORTH, Intervener.

Howlett & Elson and Eugene M. Elson for Appellant.

Joseph A. Ball for Respondents.

DORAN, J.—This is an appeal from the judgment in a divorce action, "with the exception of the interlocutory decree dissolving the marriage."

The parties were married July 16, 1936; they separated March 30, 1945. There are no children, the issue of the marriage. Respondent husband was a practicing physician and following the marriage appellant worked in respondent's office. Quoting from appellant's brief, "She continued to work in that fashion after separation and until sometime in 1945. The reason that she continued to work after separation was that she had taken care of the business for so many years; that there was no one competent to take her place. Respondent was not there and she endeavored to keep his practice going and take care of things as well as she could. At no time did she receive any salary or compensation for any of the work that she performed in his office from the inception thereof to the conclusion. Prior to her marriage to respondent, appellant had worked for him in the same capacity for three years." The divorce was sought and granted on the grounds of extreme cruelty.

It will be noted that Cora K. Farnsworth is named as a defendant and that Helen M. Farnsworth appears as intervener; the former is the respondent's mother and the latter is the respondent's wife by a former marriage. There are three minor children, the issue of this first marriage, and Helen M. Farnsworth, the mother of the children, filed the complaint in intervention to protect a lien existing by order of court to insure the payment of $300 per month by respondent for their support. Cora K. Farnsworth, the respondent's mother, is named as a defendant because, as plaintiff alleges, certain property of record in her name is in truth the community property of the parties.

The court found in substance, quoting from appellant's brief, "That since the marriage of the parties respondent has without provocation inflicted grievous physical and mental suffering upon appellant and has thereby made the further continuance of the marital relations of said parties intolerable. That certain real and personal property has been acquired by the parties subsequent to their marriage and that said property had been purchased with funds acquired by them

from community earnings." The findings recite in detail that which was found as a fact to be community property and that which was found as a fact to be separate property. Part of the community property was awarded to plaintiff free and clear of the lien existing in favor of the former wife. The court further found that, "It is true that plaintiff is in sufficiently good health and has sufficient training and experience in business activities to be capable, and that plaintiff is capable of earning her own livelihood." No alimony was awarded. The court also found that, "It is true that for a long time prior to the separation of the plaintiff and defendant Tom Keller Farnsworth, and continuously from said time until the present," defendant "has been and now is a victim of alcoholism, and in poor physical health, and incapable of earning a livelihood."

It is appellant's contention that the findings are unsupported by the evidence; and that, "Appellant is entitled to substantially more than one-half of all the community property," which, it is argued, was not received; also that the court abused its discretion in not awarding alimony and also in the award of counsel fees.

■ Appellant argues, "We are concerned in this appeal not in the court failing to have given appellant more than one-half of the community property as determined by the court, but its failure to determine that there was a community interest in the apartment house property, and a community interest in the insurance policies herein referred to and the making of the proper division thereof." It appears from a review of the record that respondent husband was the owner of a 13-unit apartment house before the parties were married; it also appears that certain insurance policies in favor of respondent's children "were taken out, before marriage of the parties herein," in which appellant claims an interest because, it is contended, the premiums were paid from community funds. And appellant argues that, "The only conclusion we can reach is that the trial court in disregard of the undisputed facts failed to make the proper finding as to the community interests of the parties, and in failing to do so thereby failed in making the division thereof as required by law." Manifestly, from appellant's viewpoint such an argument may be sound but the trial court is nonpartisan and quite obviously reached different conclusions from a consideration of all of the evidence. It appears from the record that the trial included a

comprehensive inquiry into all of the income of the parties and its disposition together with an investigation of the character of the property in dispute and there appears no valid reason for disturbing the trial court's judgment in this regard. As to what constitutes one-half or more than one-half of the community property was for the court to determine.

■ With regard to alimony appellant argues, ''Appellant is not asking for alimony in any sum other than $1.00 per year in order that the trial court may retain jurisdiction to award her alimony in the future should the circumstances justify a more substantial amount to be paid.'' This issue too was for the trial court's determination and there is nothing in the record to suggest that the court's judgment constituted an abuse of discretion. The same conclusion is inevitable with respect to the court's award of attorneys' fees.

■ There was a certain 1940 Lincoln Zephyr automobile among the various items of property involved in the controversy which the court erroneously found to be the separate property of the respondent. Quoting from respondent's brief, ''With respect to this item of property, we must concede that the appellant in her complaint has alleged that the Lincoln automobile was community property, and that respondent in his answer has failed to deny the allegation. We further concede that the respondent by stipulation admits the community character of the automobile. The trial court no doubt based its finding that the automobile in question was the separate property of respondent by reason of the evidence given by appellant that respondent at the time of his marriage to appellant had some money in the bank, and upon her further testimony that when she married respondent he owned two Packard 120 automobiles, a sedan and a coupe.''

With the foregoing exception, the record presents no reason for disturbing the judgment of the trial court.

The judgment is therefore modified to the extent only of awarding the Lincoln Zephyr automobile to appellant and, as so modified, the judgment is affirmed.

York, P. J., and White, J., concurred.