[Civ. No. 21896.   Second Dist., Div. Two.   June 25, 1957.]

ANNE H. BIRD, Appellant, v. THOMAS E. BIRD, Respondent.

Julius A. Leetham for Appellant.

Walker, Wright, Tyler & Ward for Respondent.

ASHBURN, J.—Plaintiff wife, having been awarded a divorce from defendant on the ground of cruelty and having received what appears to be the major portion of the community property, appeals from a part of the judgment which denies her any alimony. Custody of the two children was awarded to defendant subject to plaintiff's having them during summer vacation and Christmas and Easter holidays; defendant was ordered to pay to plaintiff during such periods the sum of $400 a month for the maintenance of the children. The portion of the judgment from which plaintiff appeals is this: "That plaintiff's application for alimony, maintenance and support from the defendant is denied."

No contention is made that there was error in refusing to make an award of alimony in excess of a token amount of One Dollar per month or year, but appellant now claims that such token award should have been made as a means of preserving jurisdiction to allow a larger amount in the future should the need arise. Appellant's opening brief says: "No criticism could be levelled at the trial court if its adjudication as to the lack of need of alimony were made in the normal domestic relations situation. . . . The plaintiff-wife had a history of serious illnesses, which had occasioned considerable expense. The trial court had this fully in mind, as evidenced by its remarks. The writer of this brief is hopeful and even optimistic about Mrs. Bird's future. . . . Should the illness pattern of the past re-occur, it is a mathematical obviety [sic] that Mrs. Bird's substance and expectancies will be exhausted, and she may become a public charge." Also: "Presumably, the trial court must have determined that Mrs. Bird's separate estate was adequate for her future support, or that that [sic] she was capable of supporting herself."

This question of making a nominal award for the purpose of retaining jurisdiction to deal with future possibilities is one which, like others pertaining to allowance of alimony, is committed to the sound judicial discretion of the trial

judge. In *Farnsworth* v. *Farnsworth,* 81 Cal.App.2d 380, 383 [184 P.2d 7], the court said: "With regard to alimony appellant argues, 'Appellant is not asking for alimony in any sum other than $1.00 per year in order that the trial court may retain jurisdiction to award her alimony in the future should the circumstances justify a more substantial amount to be paid.' This issue too was for the trial court's determination and there is nothing in the record to suggest that the court's judgment constituted an abuse of discretion."

It is to be remembered that the burden rests upon an appellant who claims insufficiency of the evidence or abuse of discretion or other type of error "to make it affirmatively appear that error was committed by the trial court." (*Richard* v. *Richard,* 123 Cal.App.2d 900, 902 [267 P.2d 867].) *Nichols* v. *Mitchell,* 32 Cal.2d 598, 600 [197 P.2d 550], says: "Such contention requires [appellant] to demonstrate that there is no substantial evidence to support the challenged findings." *Sonkin* v. *Hershon,* 130 Cal.App.2d 491, 492 [279 P.2d 156] : "It is not the province of a reviewing court to present a detailed argument on the sufficiency of the evidence to support the findings where it appears that the question is one purely of determining which side shall be believed. The trial court having determined this with the witnesses before it, the controversy is settled. (*Gillespie* v. *Gillespie,* 121 Cal.App.2d 95, 97 [262 P.2d 607].)" *Estate of Phelps,* 132 Cal.App.2d 850, 853 [283 P.2d 293] : "Where an appellant has failed to show that the trial court was wrong it is not incumbent upon a reviewing court to engage in a dissertation upon the law for the purpose of demonstrating that the court was right."

The reporter's transcript in this case includes by reference voluminous depositions and other documents which the court apparently is expected to analyze and weigh for itself. Appellant's briefs aggregate 15 pages. Respondent however, has directed our attention to evidence which is sufficient to sustain the trial judge's implied findings,—written findings and conclusions were waived.

Defendant's financial statement for December 31, 1954 (the last full year before the trial), shows gross assets of $85,322.82 and net worth of $45,322.82. His income tax return for the calendar year 1954 showed adjusted gross income to be a loss of $2,011.16. When residing with his wife she paid a substantial part of the household expenses. Mrs. Bird is the beneficiary of a trust which has a book value of

$160,804.89, the actual value of which is estimated by a competent witness as $104,744; but it consists of slow moving assets and the expenses exceed the income. Appellant is also entitled to a one-sixth interest in the estate of her deceased father valued at $1,807,380.58 after payment of taxes and expenses. Grace Healey Greenan claims one-half of it and if she succeeds will take one-half of a gross estate of $2,-610,435.63, leaving $1,305,200 for distribution to others. Our computation indicates that that half, reduced proportionately, becomes $903,673, of which one-sixth, or $150,612, goes to Mrs. Bird, the appellant. She also has oil royalties of about $500 a year and certain stocks of doubtful value. At the time her deposition was taken shortly before the trial she was working as a saleslady and making $34 a week take-home pay. She testified that she considered that work "good therapy."

At the time of separation in 1952 the parties made an oral separation agreement which was later carried into a written one of November 24, 1954. It provides that they shall live separately, that the husband shall pay to the wife $200 a month for support of each child, as it was agreed that she should have their custody. (Upon this matter the trial judge disagreed. He gave custody to the husband "by reason of the alcoholic problem which Mrs. Bird, the plaintiff, has had here and by reason of the background, her background, being confined in an institution by reason of her mental illness.")

The agreement makes no mention whatever of alimony or any type of support of the wife by the husband. It brings into operation Civil Code section 175, which provides that a husband is not liable for the wife's support "when she is living separate from him, by agreement, unless such support is stipulated in the agreement." This instrument afforded evidence that no support from the husband was necessary. (See *Walsh* v. *Walsh*, 108 Cal.App.2d 575, 581 [239 P.2d 472].)

Counsel for appellant stresses the fact that Mrs. Bird was committed to the psychopathic department of the superior court in March, 1954, being discharged on November 1st of that year as "recovered from her psychotic symptoms." She was again committed and discharged in 1955 before the trial. In her deposition given shortly before that event she testified that she had no reason to believe that her emotional disturbance would recur. There appears to have been no evidence of a probability of recurrence of this problem, or of any other previous disability.

■ There was ample basis for the court's denial of any present award of alimony. Counsel actually said nothing about a token award at the trial. If he had done so that would have presented to the judge a problem in weighing imponderables in the nature of future possibilities or probabilities. That was peculiarly his task and we cannot say, in the light of all the circumstances, that there was any abuse of discretion in the denial of alimony or the failure to preserve upon his own motion jurisdiction to act on the subject in the future.

The portion of the judgment from which the appeal was taken is affirmed.

Moore, P. J., and Fox, J., concurred.

Application to produce additional evidence and petition for a rehearing were denied July 23, 1957. Appellant's petition for a hearing by the Supreme Court was denied August 20, 1957.