[Civ. No. 24359.   Second Dist., Div. Two.   Apr. 21, 1960.]

ANNE H. BIRD, Appellant, v. THOMAS E. BIRD, Respondent.

Julius A. Leetham for Appellant.

Walker, Wright, Tyler & Ward and W. A. Caldecott for Respondent.

FOX, P. J.—Plaintiff appeals from an order of February 10, 1959, which reduced the amount that the defendant was required to pay for the support of the minor children of the parties to $125 per month for each child.

An interlocutory decree of divorce was entered in plaintiff's favor on December 9, 1955. By the provisions of that decree, the defendant was awarded custody of the two minor children subject to plaintiff's having them during summer vacations and Christmas and Easter holidays. Defendant was ordered to pay to plaintiff during such periods the sum of $200 per month for each child for their maintenance and care. These provisions for the custody and maintenance of the children were made notwithstanding a written agreement between the parties that the wife should have the custody of the children. The agreement also provided that the husband would pay $200 monthly for the support of each child. Although plaintiff appealed, she only appealed from that portion of the judgment which denied her alimony. This court affirmed the judgment in *Bird* v. *Bird,* 152 Cal.App.2d 99 [312 P.2d 773].

In October, 1956, an order was made modifying the judgment and providing that custody of the two minor children be given to plaintiff except that the defendant would have the children with him in Oklahoma, where he lived, during the Christmas and Easter holidays and summer vacations. At that time the support payments were reduced to $150 per month for each child during the time they were with the mother. In December, 1958, a court commissioner recommended that these support payments for the children be increased to $200 per month each. The defendant took exception to this increase. His objections were denied.

In January, 1959, the defendant filed a motion to rehear his exceptions to the commissioner's report and at the same time filed a motion to modify the support order. These came on for hearing on February 9, 1959, at which time the defendant testified briefly and the court continued the hearing until the next day. His testimony on February 9th revealed that he had a salary of $173.80 bimonthly for managing an oil property in Tulsa, Oklahoma; owned a small business property which was running in the red; that he expected to file a tax return in the following April which would show a net loss for 1958; that he was bankrupt; that he was making automobile payments of $114.58 per month; and paid $95 per month for his apartment.

The following day the court consulted with counsel in chambers and then took the bench and made an order modifying the previous orders so as to require defendant to pay $125 for each child monthly and changed the custody provisions by allowing the defendant to have the children with him in Oklahoma during the Christmas and Easter holiday periods in alternate years and allowing the plaintiff to have them for Easter and Christmas of 1959. No further evidence was taken and none was offered by either party. No objections were made to the court's procedure.

█ Plaintiff's first contention is that the trial court was prevented from reducing the child support payments by reason of the previous agreement between the parties. She relies upon *Puckett* v. *Puckett*, 21 Cal.2d 833 [136 P.2d 1], as her sole authority. That case, however, has no application to the instant proceeding. The court there had before it an integrated property settlement agreement in which there was no direct agreement by the husband to pay any specific amount for the support of the minor child. The wife in that case had agreed that out of the monthly payments she was to

receive she would support, educate and maintain the child. The instant case is different in that there was an express agreement to pay a specific sum for the support and maintenance of the minor children. (See *Bird* v. *Bird,* 152 Cal. App.2d 99, 102 [312 P.2d 773].) The provision for the support of the children was separate and severable from the other provisions of the agreement. The legal significance of the difference between these two types of agreement was pointed out by this court in *Shepard* v. *Shepard,* 116 Cal.App.2d 594 [254 P.2d 120], which was a case that involved a contract similar to the one at bar in that it provided for monthly payments of $100 for the support of a minor child. In that case, as here, the plaintiff relied upon *Puckett* v. *Puckett, supra.* We held, however, that ''since the provision for the support of the child was separate and severable from the settlement of the property rights of the parties, the court had jurisdiction to reduce the amount of the monthly payments.'' (P. 596.) The reasoning in the Shepard case was followed and applied in a similar situation in *Scarlett* v. *Scarlett,* 151 Cal.App.2d 237 [311 P.2d 188]. It is therefore apparent that the trial court had authority to modify and reduce the monthly payments for the support of the minor children in the instant case.

■■■ Plaintiff's second contention is that the court was not justified in reducing defendant's child support payments because there was no substantial change in his financial situation since the original decree was entered in 1955. In effect, she argues that the court abused its discretion in reducing the amounts of such payments. We find no merit in this contention. At the time of the original decree in 1955 defendant's financial statement for 1954 (the last full year before the trial) showed gross assets of a little more than $85,000 and a net worth of something over $45,000. (See 152 Cal.App.2d at p. 101.) His testimony at the current hearing indicates he was not financially solvent. This is indeed quite a change from his previous financial position. Counsel for plaintiff argues that there is no change in defendant's financial situation since his income tax return for 1954 showed his adjusted gross income to be a loss of some $2,000 (see 152 Cal.App.2d at p. 101) and that his testimony in the instant proceeding indicated he would also have a net loss for 1958. Counsel further contends that defendant's income situation remained almost the same throughout the period 1954 to 1959,

and that "his depletion allowances in his oil operations quite evidently account for the apparent income losses." Although the income tax returns for the intervening years were in court, they were not introduced in evidence. Consequently, we have no support for counsel's suggestion that defendant's income situation remained substantially the same during the period in question and that it was the result of depletion allowances in connection with his oil operations.

In view of defendant's testimony as to his income and certain of his expenses and his current financial position, it cannot be said that the court abused its discretion in reducing the amount of the monthly payments for the support of the children.

Plaintiff's final contention is that she did not have a fair hearing in that she was not given an opportunity to produce her evidence. ■■■ The law is settled that an appellate court cannot presume error (*Rude* v. *Rude*, 148 Cal.App.2d 793, 799 [307 P.2d 679]) and that "it is incumbent upon an appellant to make it affirmatively appear that error was committed by the trial court. (Citations.)" (*Richard* v. *Richard*, 123 Cal. App.2d 900, 902 [267 P.2d 867].) The record before us fails to disclose any request on behalf of plaintiff to present any evidence, nor was any offer of proof made. ■■■ "[I]f plaintiff had evidence to tender, she should have made an offer of proof and should be able to find some place in the record where the trial court denied her the right to produce the evidence." (*Kentera* v. *Kentera*, 66 Cal.App.2d 373, 376 [152 P.2d 238].) It is clear that appellant has failed to show that any error was committed in this respect in the trial court.

What transpired between the trial judge and counsel for the parties during their conference in chambers is not before us since no record of that conference was made. But it does not appear that counsel for plaintiff requested that a record be made of this conference or objected to this procedure. Obviously it is too late to raise questions about these matters for the first time on appeal.

The order is affirmed.

Ashburn, J., and Richards, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 14, 1960.

---

*Assigned by Chairman of Judicial Council.