[Civ. No. 31752.   Second Dist., Div. Four.   Oct. 16, 1968.]

MARGARET LEOTA VAN DIEST, Plaintiff and Appellant, v. ANTHONY VAN DIEST, Defendant and Respondent.

542

James W. Thomason for Plaintiff and Appellant.

Arthur D. Guy for Defendant and Respondent.

KINGSLEY, J.—This is an appeal from an order (denominated "Modification of Final Judgment of Divorce") entered after a hearing following a remittitur from this court on an earlier appeal.

The parties were married on June 2, 1946. Two children were born to the marriage. The parties separated on April 27, 1962; and, on May 1, 1962, plaintiff filed a complaint for divorce. An order to show cause was heard on May 8, 1962, and the court issued a pendente lite order ordering defendant husband to pay $35 per week per child for child support and $25 per week as alimony. The interlocutory decree was granted on April 25, 1964. This decree ordered defendant to pay plaintiff $35 per week per child, $25 per week as alimony, and the decree granted plaintiff custody of the minor children. The court further found that defendant was in arrears in the sum of $2,789.88, which constituted child support, alimony, medical bills and miscellaneous bills, and ordered him to pay that amount. The court also divided the community property of the parties, a part of which was stock held in Tony Van Diest, Inc., and Van Diest Bros., Inc., finding the stock to be community property and awarding one-half to each.

On April 21 defendant husband appealed on the issue of child support and alimony, and he asserted that the stock was separate property and not community property. On March 14, 1966, the appellate court, in an unpublished opinion, affirmed all issues except child support and alimony and remanded the case to the superior court for a rehearing on the child support and alimony issues only.

At the hearing on the remittitur, the court made the following order as to child support and alimony:

"1. Plaintiff is awarded alimony in the sum of $25.00 per month for the period of May 25, 1964 to May 24, 1965, inclusive. Alimony is terminated as of May 25, 1965.

"2. Plaintiff is awarded for the support and maintenance of Gary $40.00 per month for the period of May 25, 1964 to December 31, 1965. Support payments for Gary terminate as of December 31, 1965.

"3. Plaintiff is awarded for the support and maintenance of Bradley $50.00 per month for the period May 25, 1964 through December 31, 1965, and $25.00 per month for the period January 1, 1966 through March 31, 1967.

"4. Commencing April 1, 1967, defendant is ordered to pay to plaintiff for the support and maintenance of Bradley $25.00 per month, . . ."

In addition to the above, the court also made the following findings:

"In 1959, Anthony pledged, endorsed and delivered his stock in both corporations to his father, Tony Van Diest, as security for loans totaling $23,000.00, . . .

"On September 13, 1965 the Anthony Van Diest pledged stock held by Tony Van Diest as security for debt was transferred on the corporations' records to Tony, who now is the owner of record of the stock formerly owned by Anthony."

The court further modified the judgment awarded plaintiff at the interlocutory hearing in the amount of $2,789.88 by finding the amount improper and reduced the judgment to $2,164.88.

I

Plaintiff's first contention is that the court abused its discretion in terminating alimony, terminating child support of the older boy and awarding only $25 per month child support for the other boy. The court had ordered that the $40 support payments for Gary were to terminate as of December 31, 1965, that payments of $50 per month were to be made for Bradley until May 25, 1964, and thereafter they are to be reduced to $25 per month, and $25 a month alimony was to be terminated as of May 25, 1965.

Insofar as the attack is on the amounts awarded and on the termination of the awards to the wife and to the older son, we find no error. The two boys were aged 17 and 13, respectively, in 1965; they have been earning money in the past and contributing to their support; the wife has substantial property (including that awarded to her by the decree of divorce); although there is some conflict in the record, there was sub-

stantial evidence to support the finding that the husband (who has since remarried and has a child by that marriage) makes only $150 per week. On this record, we cannot say that the trial court abused its discretion in making the awards herein attacked.

■ The granting of alimony and the support of the parties' children lies in the sound discretion of the trial court. (See *Gudelj* v. *Gudelj* (1953) 41 Cal.2d 202 [259 P.2d 656].) ■ Circumstances to be considered by the trial judge in awarding alimony or child support are the needs of the parties and the ability to meet those needs, including property owned, obligations to be met, ability to earn and actual earnings. (*Reese* v. *Reese* (1961) 190 Cal.App.2d 181 [11 Cal.Rptr. 590]; *Vogel* v. *Vogel* (1960) 182 Cal.App.2d 628 [6 Cal.Rptr. 402].) Appellate review of the trial court's discretion is circumscribed (see *Stuckey* v. *Stuckey* (1964) 231 Cal.App.2d 382 [41 Cal.Rptr. 792]), and we cannot here review the evidence as to defendant's actual income or other factual matters pertinent to this issue.

## II

■ Plaintiff alleges that the trial court had no jurisdiction to find that certain stock was validly pledged in the year of 1959. Examination of this issue was clearly beyond the jurisdiction of the trial court since the directions on the remittitur reversed only as to the issues of alimony and child support. ■ The trial court is bound by the directions of the appellate court and has no authority to retry other issues; the directed judgment of the reviewing court becomes the law of the case and it is absolutely controlling on the jurisdiction of the trial court. (*Buttram* v. *Finley* (1946) 73 Cal.App.2d 536, 541 [166 P.2d 654].) ■ The trial court has only such jurisdiction as is defined by the terms of the remittitur (*Hampton* v. *Superior Court* (1952) 38 Cal.2d 652 [242 P.2d 1]; *English* v. *Olympic Auditorium, Inc.* (1935) 10 Cal.App. 2d 196 [52 P.2d 267]), and in the case before us, that jurisdiction did not extend to determining whether the stock was validly pledged. The findings on that issue must be stricken.

Similarly, the court also had no jurisdiction to modify the judgment for plaintiff from $2,789.88 to $2,164.88 since that issue also was not before the trial court on remittitur.

The husband argues that a stipulation entered into in connection with the hearing on remittitur estops the wife from

contending that the trial court could not modify the previous judgment as to arrearages. The contention is without merit. We discuss that stipulation at a later point in this opinion. It is sufficient to say here that, whatever its effect, it did no more than to agree that any credit that accrued to the husband by reason of any reduction in support payments might be offset against the previously determined arrearages; nothing therein even suggests that the obligation of the husband to the wife created by the interlocutory decree was to be modified— merely that it might be treated as partially discharged by any overpayments of support under the part of the interlocutory decree reversed on appeal.

Insofar as the judgment purports to reflect the attempted modification it must be corrected.

### III

Plaintiff claims she was erroneously denied attorney's fees during retrial. Award of attorney's fees in a divorce action is discretionary (*Farnsworth* v. *Farnsworth* (1947) 81 Cal.App.2d 380, 383 [184 P.2d 7]), and we find no abuse of that discretion.

### IV

The final, and most perplexing, issue in the case concerns the action of the trial court in ordering the reduced alimony and child support to operate retroactively. Although the husband could have stayed the effect of the interlocutory decree by filing an appeal bond, he did not do so, and the wife had received, during the period between April 25, 1964, and the date of the hearing on remittitur, amounts which the appellate court had found to be excessive in some degree. How far they were excessive, of course, was not, and could not, be known until the new hearing.

It is the husband's position, as we understand it, that the pendente lite order became ineffective on the entry of the interlocutory decree and that, when that decree was (as to the support payments) reversed on appeal, there had been no enforceable support order after April 25, 1964. The wife although admitting the general rule that a pendente lite order is superseded by the interlocutory decree (see *Wilson* v. *Superior Court* (1948) 31 Cal.2d 458 [189 P.2d 266]), argues that, when the interlocutory decree was reversed, the reversal operated to revive the pendente lite order, that the pendente lite order, thus, was in force until the trial court entered a

new decree on the new hearing, and that an effective support order cannot be modified retroactively.

We conclude that, insofar as the first four paragraphs of the decree under review are concerned, the action of the trial court was proper. It is not contested that the wife and children were entitled to support in some amount and for some period of time. The function of the trial court, on the remand, was to determine what that amount should have been.[1] Once that was determined, and the amounts were fixed at a figure less than that paid under the reversed decree, the wife was then obligated to the husband for the difference between what she had received under the original and reversed decree and that which she would have received had a proper order been made and enforced.

Of necessity, the new order must speak as of the date of entry of the earlier decree which it replaced. Although the decree under review is denominated a "modification" of the earlier decree, we regard that nomenclature as inaccurate. We do not deal here with the normal case of a "modification," based on a change of circumstances; we deal with the correction of an order which it has judicially been determined was erroneously too high. The pendente lite order, in this case, was as much excessive as was the interlocutory decree which replaced it. True, the payments made under the pendente lite order cannot now be attacked or recouped for the reason that it was never appealed from and has long since become final. But it would be highly inequitable for a successful appeal from an excessive support decree to operate to revive an equally excessive pendente lite order. On the other hand, the law will not permit a total vacuum in the provisions for the support of the wife and children. The only alternative, then, is to make the new order, on remand, speak as of the date of the order which it replaces.

Although not phrased in these terms, that was the effect of the new support orders herein under review. The trial court found (on sufficient evidence as we have held) that the wife and children had needed only the limited support provided in its new order. Its determination cannot be upset here.

---

[1] Unless (as was not the case) the evidence at the new hearing on remand was materially different from that at the first trial, the reversal necessarily impelled an order giving the wife and children a lesser amount than that provided by the interlocutory decree.

## V

■ We turn, next, to the fifth paragraph of the decree under review, the effect of which is to set off the excess support payments against the pre-interlocutory arrearages as established by the interlocutory decree.

We are cited to no case, and our own research has found no case, in which such a solution has expressly been approved. In *Murchison* v. *Murchison* (1963) 219 Cal.App.2d 600 [33 Cal. Rptr. 285], a husband was allowed to set off sums paid by him to discharge an income tax liability (not known to exist at the time of the divorce) against payments due the wife under an integrated property settlement agreement. But, as the court there pointed out, the payments due to the wife under the agreement were not designated as being for her support but were in settlement of the mutual adjustment of the parties' economic relations *inter se*.[2]

In *Keck* v. *Keck* (1933) 219 Cal. 316 [26 P.2d 300], the wife, prior to the divorce proceeding, had become indebted to the husband for sums improperly diverted by her during a guardianship of the husband's estate. The divorce proceeding resulted in a support order in her favor and made no mention of the preexisting debt. The Supreme Court held that, under those circumstances, the husband was not entitled, as of right, to offset the preexisting debt against the subsequent support order.

However, in the case at bench, we need not decide which of those two cases, if either, was here applicable. Early in the proceedings on remand, the parties entered into a stipulation (above referred to), reading as follows:

"It Is Hereby Stipulated by and between plaintiff and defendant above named, through their respective counsel, the undersigned, that in the event it is found that defendant is obliged to pay as and for alimony and child support a total sum less than $85.00 a week, there shall be a credit to defendant of the difference between the amount of alimony and child support ordered and the sum of $85.00 a week retroactive to November 21, 1963. Said credit shall be applied to the amount

---

[2] "The present case involves neither a preexisting debt nor alimony. The payments owed to the wife under the divorce judgment in this case were based upon an integrated property settlement and hence did not have the specially favored status of alimony. [Citation.] The installments payable to the wife were not the result of a court's determination of what she needed for her support, but were based upon a negotiated bargain whereby the parties had divided their property and discharged all other obligations then existing between them." (*Murchison* v. *Murchison* (1963) 219 Cal.App.2d 600, 605-606 [33 CalRptr. 285].)

which defendant is in arrears for alimony and child support.'' Whether or not the same result could have been reached by the trial court on its own motion, we can see no reason why the parties may not select a procedure mutually satisfactory for the adjustment of cross-claims. The stipulation was valid and the trial court properly enforced it.

However, as we have pointed out above, in striking the balance pursuant to the stipulation, the trial court erroneously attempted to recompute the pre-interlocutory arrearages. Insofar as the balance carried forward into the fifth paragraph of the judgment reflects that erroneous recomputation, it must, of course, be corrected.

The portion of the findings of fact commencing on the fourth page thereof (page 8 of the clerk's transcript on this appeal) at line 8 and continuing through line 21 on said page, and conclusion of law No. 5 are vacated. The ''Modification of Final Decree of Divorce,'' entered on May 5, 1967, is modified by striking from paragraph 5 of said decree the figures ''$1,266.62'' and substituting therefor the figures ''$641.62''; as so modified, the decree is affirmed. Neither party shall recover costs in this court.

Files, P. J., and Jefferson, J., concurred.